8 Cal.Rptr. 734]

## Appellate Department, Superior Court, Los Angeles

[Crim. A. No. 4444. Oct. 14, 1960.]

THE PEOPLE, Respondent, v. RALPH LEVERSON, Appellant.

864

Henry Friedman for Appellant.

Roger Arnebergh, City Attorney (Los Angeles), Philip E. Grey, Assistant City Attorney, and Arthur Karma, Deputy City Attorney, for Respondent.

SWAIN, P. J.—The defendant was convicted of violating Business & Professions Code, section 600. He appeals from the judgment.

 That section provides: "It is unlawful for any person, firm, corporation or association, except boards of health or agencies approved by the State Department of Public Health, to post or otherwise exhibit or distribute in any manner whatsoever in any place, any advertising or other printed matter concerning venereal diseases, lost manhood, lost vitality, impotency, seminal emissions, self-abuse, varicocele, or excessive sexual indulgence, and calling attention to any medicine, device, "compound, treatment or preparation that may be used therefor."

Appellant attacks the section on the ground that it violates the First Amendment of the United States Constitution in that prohibiting the distribution of printed advertisements infringes on the freedom of the press. The dissemination of printed matter clearly falls within the safeguard of the First Amendment. (*In the Matter of Orlando Jackson*, 96 U.S. 727 [24 L.Ed. 877]; *Smith* v. *California* (1960), 361 U.S. 147 [80 S.Ct. 215, 4 L.Ed.2d 205].) The Fourteenth Amendment makes the First Amendment applicable to state action. (*Near*

v. *Minnesota* (1931), 283 U.S. 697 [51 S.Ct. 625, 75 L.Ed. 1357, 1363].)

The section makes no distinction between the dissemination of advertising which is truthful and which calls attention to medicines, devices, compounds, treatments or preparations for the listed diseases or conditions which are approved by recognized medical authorities as beneficial and those which are dangerous and the advertising of which is false and fraudulent.

 It is true that not every publication is protected by the First Amendment but publication of beneficial information about drugs or treatments is. In *Smith* v. *California* (1960), 361 U.S. 147 [80 S.Ct. 215, 4 L.Ed.2d 205], an obscenity case, the court said at p. 210 [4 L.Ed.2d]: "We have held that obscene speech and writings are not protected by the constitutional guarantees of freedom of speech and the press. *Roth* v. *United States,* 354 U.S. 476 [77 S.Ct. 1304, 1 L.Ed.2d 1498]." The court also said (p. 210 [4 L.Ed.2d]): "But our holding in Roth does not recognize any state power to restrict the dissemination of books which are not obscene; . . . ."

 The section is, also, violative of the First and Fourteenth Amendments because it is tantamount to censorship. The section attempts to give the Department of Health the absolute and unrestricted power to say who may distribute the publications. In *Near* v. *Minnesota* (1931), 283 U.S. 697 [51 S.Ct. 625, 75 L.Ed. 1357, at p. 1366], it is stated: "This court said, in *Patterson* v. *Colorado,* 205 U.S. 454, 462 [51 L.Ed. 879, 881, 27 S.Ct. 556, 10 Ann.Cas. 689]: 'In the first place, the main purpose of such constitutional provisions is "to prevent all such previous restraints upon publications as had been practised by other governments," and they do not prevent the subsequent punishment of such as may be deemed contrary to the public welfare.' " Distribution of matter protected by the First Amendment being protected as well as the printing thereof, a restriction on who may distribute the same is a violation of the First Amendment.

[ The section is also void because it gives to the Executive Branch of the Government, acting through the Department of Health, absolute and arbitrary power to forbid anyone to distribute the advertising in question. *In re Dart* (1916), 172 Cal. 47 [155 P. 63, Ann.Cas. 1917D 1127, L.R.A. 1916D 905], held void an ordinance which gave the Municipal Charities Commission of Los Angeles unlimited power to decide who may and who may not solicit for private charity. In his

concurring opinion, which in fact is the majority opinion because four out of seven judges agreed to it, Mr. Justice Shaw said (at p. 56), "They [the ordinances] give the commission absolute and arbitrary power to forbid any person from soliciting for charity, regardless of his personal character, worth, or fitness." At page 57, the opinion cites *Yick Wo* v. *Hopkins* (1885), 118 U.S. 356 [6 S.Ct. 1064, 30 L.Ed. 220], as authority for holding invalid an ordinance of San Francisco which gave the San Francisco Supervisors "a naked and arbitrary power to give or withhold consent" to operating a laundry in a wooden building. It is not necessary to multiply authorities on this point.

The respondent relies on *People* v. *Vita-Pharmacals, Inc., et al.* (1956), Cr.A. 3360 (unpublished), in which this court affirmed a conviction for violation of the section in question. The appellant in that case did not attack the constitutionality of the section on any of the grounds we have discussed above. Its only attack was that the section interfered with the right of Congress to regulate the mails. We held there and also hold here, for the reasons stated in the opinion, that there was no such interference.

The judgment is reversed with directions to dismiss the action.

Smith, J., and Bishop, J., concurred.