[Crim. No. 7930. Second Dist., Div. Three. Oct. 31, 1961.]

In re JOSEPH P. SCHILLACI, on Habeas Corpus.

William B. McKesson, District Attorney (Los Angeles), Harry Wood and Ralph F. Bagley, Deputy District Attorneys, for Respondent.

FRAMPTON, J. pro tem.*—Petitioner seeks his release from custody upon the grounds that he is being unlawfully restrained after conviction and sentence upon a statute (Bus. & Prof. Code, § 600), which he asserts is unconstitutional.

The record of the trial court shows that petitioner was charged by indictment returned by the Grand Jury of Los Angeles County, July 23, 1958, with the crime of conspiracy to violate section 311, subdivisions 3 and 4 of the Penal Code, and section 600 of the Business and Professions Code; that he was duly arraigned and entered his plea of guilty to the crime of conspiracy to violate section 600 of the Business and Professions Code.

On November 12, 1958, petitioner was sentenced to one year in the county jail. Such sentence was suspended and he was placed on probation for the period of three years, one of the conditions being that he pay a fine in the sum of $500 in the amounts and manner prescribed by the probation officer.

On October 3, 1961, petitioner was brought before the superior court on an order to show cause why probation should not be revoked. The court, after hearing the matter, found that the petitioner was in violation of the terms of his probation and modified its order theretofore made by sentencing petitioner to serve 21 days in the county jail. Petitioner then filed this petition for writ of habeas corpus seeking release from such imprisonment.

---

*Assigned by Chairman of Judicial Council.

■ If petitioner stands convicted and imprisoned upon a statute which is unconstitutional, then he is entitled to his release and the writ of habeas corpus is the proper remedy. (*In re Winchester*, 53 Cal.2d 528 [2 Cal.Rptr. 296, 348 P.2d 904]; *In re Bell*, 19 Cal.2d 488 [122 P.2d 22].)

■ Section 600 of the Business and Professions Code reads as follows: "It is unlawful for any person, firm, corporation or association, except boards of health or agencies approved by the State Department of Public Health, to post or otherwise exhibit or distribute in any manner whatsoever in any place, any advertising or other printed matter concerning venereal diseases, lost manhood, lost vitality, impotency, seminal emissions, self-abuse, varicocele, or excessive sexual indulgence and calling attention to any medicine, device, compound, treatment or preparation that may be used therefor.

"Any person violating the provisions of this section shall upon conviction therefor be punished by a fine of not more than five hundred dollars or by imprisonment in the county jail for not more than one year or by both such fine and imprisonment."

The section prohibits the exhibition or distribution of all printed matter relating to the subject matters described, except through designated state agencies, without regard to the truth or falsity of their content, or whether the same might relate to advertising which is truthful and which calls attention to medicines, devices, compounds, treatments or preparations for the specified diseases or conditions which are approved by recognized medical authorities as beneficial or those which are dangerous and the advertising of which is false and fraudulent.

The prohibition of the distribution of printed advertisement infringes the right of freedom of the press. (*In the Matter of Orlando Jackson*, 96 U.S. 727 [24 L.Ed. 877]; *Smith* v. *California*, 361 U.S. 147 [80 S.Ct. 215, 4 L.Ed.2d 205].)

■ The right of freedom of the press is guaranteed by the First Amendment of the United States Constitution which is made applicable to state action by the Fourteenth Amendment. (*Near* v. *Minnesota*, 283 U.S. 697 [51 S.Ct. 625, 75 L.Ed. 1357].)

■ The publication of obscene matters is not protected by the constitutional guarantees of freedom of speech and of the press, but the publication of beneficial information about drugs or treatments is so protected. (*Smith* v. *California*,

*supra*; *Roth* v. *United States,* 354 U.S. 476 [77 S.Ct. 1304, 1 L.Ed.2d 1498].)

 Section 600 of the Business and Professions Code does not relate in any way to the dissemination of obscene printed matter. If it should happen that the advertising or printing of matter relating to the subjects specified in the section should be obscene by reason of the manner in which the subjects are portrayed, then the prohibition against the dissemination is found in section 311 of the Penal Code.

 The section restricts the right of distribution of matters therein described to ''boards of health or agencies approved by the State Department of Public Health.'' This gives the state, through its agencies, an absolute and arbitrary power to prohibit the distribution of such advertising by anyone. Distribution as well as printing of certain matters being protected by the First Amendment of the United States Constitution, an unwarranted restriction on who may distribute it is a violation thereof. (*Near* v. *Minnesota, supra,* 283 U.S. 697 [51 S.Ct. 625, 75 L.Ed. 1357].)

 The statute is void upon a further ground. It constitutes a delegation by the Legislature to an administrative agency of the state the absolute power to grant or withhold the privilege of distributing the advertising in question. (*In re Dart,* 172 Cal. 47 [155 P. 63, Ann. Cas. 1917D 1127, L.R.A. 1916D 905].) The Legislature may confer upon an administrative agency a large measure of discretion, provided the exercise thereof is controlled and guided by adequate standards. (*Franchise Tax Board* v. *Superior Court,* 36 Cal.2d 538 [225 P.2d 905].) While the delegation of governmental authority to an administrative body is proper in some instances, the delegation of absolute legislative discretion is not. To avoid such a result it is necessary that a delegating statute establish an ascertainable standard to guide the administrative body. (*State Board of Dry Cleaners* v. *Thrift-D-Lux Cleaners, Inc.,* 40 Cal.2d 436 at 448 [254 P.2d 29].) The subject statute is devoid of any guide or standard.

The subject statute was held unconstitutional in a well-reasoned opinion of the Appellate Department of the Superior Court of Los Angeles County in *People* v. *Leverson,* 185 Cal. App.2d Supp. 863 [8 Cal.Rptr. 734].

 We hold the section to be unconstitutional and therefore any proceedings based thereon are void. (*Andrews* v. *Superior Court,* 29 Cal.2d 208 [174 P.2d 313].)

Petitioner seeks a further order of this court directing the superior court to (1) vacate his conviction and expunge it from the records, (2) that all conditions and terms of probation be vacated and expunged from the record.

Petitioner is entitled to have the record of his conviction based upon a void judgment expunged. Such relief, however, may not be granted in this court upon his petition for writ of habeas corpus. Mandamus is the proper remedy. (*Andrews v. Superior Court, supra.*)

Petitioner may, however, obtain the relief sought by proper motion filed in the trial court.

Petitioner is ordered discharged from custody and his bail is exonerated.

Vallée, Acting P. J., and Ford, J., concurred.