<table>
<tr><td>2</td><td>265</td></tr>
<tr><td>3</td><td>543</td></tr>
<tr><td>3</td><td>544</td></tr>
<tr><td>20</td><td>125</td></tr>
<tr><td>17*</td><td>621</td></tr>
</table>

## STATE OF NEVADA, Respondent, *v.* JESSE BONDS, Appellant.

This Court cannot reverse a judgment for want of sufficient evidence to sustain the verdict, unless the record shows that all the material evidence is before us.

When a party draws a pistol with the avowed intention of killing another, third parties interfere to prevent the threat being carried out; the pistol goes off, and the party threatened is killed; the natural presumption would be that the defendant had succeeded in carrying out his intention, notwithstanding the interference.    If the defendant claims that the pistol went off accidentally in the scuffle with the bystanders who interfered to prevent the shooting, it lies on him to present some proof of that fact.

Evidence of threats made by defendant may be proved not only to establish the killing, but when the killing is admitted, for the purpose of establishing motive or deliberation.

When a threat is made against a party, unless he will do something which he fails to do, and the threat is afterwards executed, it would seem to be as conclusive as if it had not been connected with a condition.

If the threat was made only conditionally, and the party threatened afterwards complied with the condition, this would, to a great extent, rebut the presumption arising from the threat.

18

The State *v.* Bonds.

APPEAL from the District Court of the Seventh Judicial District, Lander County, Hon. W. H. BEATTY presiding.

The sixth instruction asked by the defendant was in these words: " A threat coupled with a condition is never regarded in law as of " binding force, unless the condition be of such a character as that " the party threatened cannot comply with the condition: *e. g.*, if a " party be threatened by another that unless he leave a certain " place or house, or unless he stop coming to the party threaten- " ing's house, he will shoot him; here the party threatened may " leave the place, or stop calling at the house of the party threat- " ening, and no harm will result. A party making such threats " could not be bound over to keep the peace. So in the present " case. If the threat or threats were made conditionally, they are " not of such binding force as if they had been made uncondition- " ally."

The other facts appear in the Opinion.

*Harry I. Thornton,* for Appellant.

The verdict is contrary to the evidence. The killing was, at most, only involuntary manslaughter.

The Court below erred in refusing to give instruction Six, asked by the defendant.

*Geo. A. Nourse, Attorney General,* for Respondent.

The threat made by defendant was evidence of express malice. But if there had been no threat, the total absence of provocation shows implied malice.

The instruction No. Six, asked by defendant, was properly refused, because it does not contain the law.

Opinion by LEWIS, C. J., BEATTY, J., concurring.

The judgment in this case must be affirmed. As it is not shown that the statement contains *all* the evidence produced at the trial, we cannot say that the verdict was not justified by the proof. Unless all the material evidence introduced at the trial be brought before us, we cannot, of course, pass upon its sufficiency. To justify

The State *v.* Bonds.

an Appellate Court in setting aside a verdict upon the ground of insufficiency of the evidence, the record which is presented to it must purport to embody all the material evidence adduced at the trial.

But it is unnecessary to rely upon that point, for we consider the evidence presented to us fully sufficient to support the verdict of the jury. The principal facts, about which there is no dispute, make a strong case against the defendant. He is shown to have entered the saloon where the deceased was killed, demanded some money which he claimed the deceased had belonging to him, and threatened to shoot him if he did not comply with his request, and, at the same time, drawing a pistol, as if to execute his threat. Two persons who were present interfered to prevent violence, and, in the struggle between them and the defendant, the pistol was discharged whilst in the hands of the defendant, and the shot took effect in the breast of deceased, inflicting the mortal wound from which he soon afterwards died. These facts were sufficient to justify the conviction. If the pistol was accidentally discharged, that was a matter of defense which devolved upon defendants to establish. From the testimony, as it is presented to us, we have no reason to presume that such was the case. The defendant threatened to shoot the deceased if he did not return some money which defendant claimed, drew his weapon to execute his threat; the money was not returned. Third persons interfered, a scuffle ensued, and the deceased was shot. It is possible the pistol was discharged accidentally, but that does not seem to have been established to the satisfaction of the jury; and in the absence of proof to that effect, the most natural conclusion is, that the defendant, even in the struggle with Cohn, succeeded in carrying out his purpose and executing his threat. Through the entire struggle he was probably exerting himself to bring his weapon to bear upon the deceased, and, when he succeeded in doing so, fired. This is certainly the only rational conclusion we can arrive at from the evidence before us, and the jury undoubtedly arrived at the same conclusion. The guilt of the defendant was proven to the satisfaction of the jury, and the record does not warrant this Court in holding that they should have found a different verdict. Hence we could not feel justified in setting aside the judgment and awarding a new trial.

The sixth instruction asked by the defendant was properly refused. Evidence of threats employed by the defendant against a person whom he has killed, is admissible not only for the purpose of raising a presumption that the killing was done by him in cases where that fact is not clearly established by other proof, but also for the purpose of showing the deliberation or premeditation. In this case all the circumstances of the killing were detailed by eye witnesses; hence the proof of the threat to kill was only for the purpose of establishing the intent to take life—the motive afore thought. Now, when a threat is coupled with a condition and the condition is not complied with, as was the case here, and the threat is afterwards executed, proof of it would be as conclusive of the defendant's premeditated violence as if there had been no condition.

If the condition had been complied with and there was a doubt as to whether the defendant did the killing, and the threat was proven, with other circumstances to establish that fact, the condition and compliance with it might be of some weight in favor of the defendant. But in a case of this kind, the condition would seem to be of no consequence.

The judgment of the Court below must be affirmed, and it is so ordered.