C. W. HOWARD *et al.*, RESPONDENTS, *v.* JOSEPH D. WIN-
TERS, APPELLANT.

To justify a new trial on the ground of newly discovered evidence, three things
must be shown: first, materiality of evidence; second, it could not by due
diligence have been produced at the first trial; third, that it is not cumulative.

To justify the granting of a new trial on the ground of newly discovered evi-
dence, the party applying for the relief should show clearly that the failure to
produce evidence on the first trial was not the result of negligence on his part.

Per LEWIS, J.—The verdict of a jury or findings by a Court will not be set
aside on the ground that they are not supported by the evidence, unless it
appears by the statement that all the evidence is before this Court.

The admission by respondents' attorney that a statement on motion for new trial
is correct, does not admit such statement to contain all the evidence offered in
the case, where the statement itself does not purport to contain it all. It can
only be held to be an admission that so far as the evidence is stated, it is stated
correctly. It does not negative the idea of other evidence having been given.

Per BEATTY, C. J.—When the particular point on which there is claimed to be a
defect of evidence is stated in the motion for a new trial, and an attempt made
to state the evidence bearing on this point, and that statement is submitted to
the opposite party who either amends or agrees to the statement as made, the
Court should give a liberal construction to the statement and presume it con-
tains all that either party considered material in regard to that particular
point.

APPEAL from the District Court of the First Judicial District,
Storey County, Hon. RICHARD RISING, presiding.

*P. H. Clayton,* for Appellant, made the following points:

1st. The note purports to have been given by an attorney under
a written power. The power itself does not authorize the execution
of a note in the name of the principal.

. 2d. There was no consideration for the note.

*Wood & Hillyer,* for Respondents.

The note was given as an inducement to get one Beaty, a tenant
of appellant, out of a house he was occupying, and therefore was
not without consideration. But this Court cannot consider the case
on its merits: first, the statement does not contain the grounds of
motion for new trial; second, the points now relied on were not raised
in the Court below.

In the *notice* of intention to move for new trial, the grounds on which such motion will be made are not stated. In a paper styled "motion for new trial," certain grounds are set out. If this be a sufficient or proper statement of the grounds, appellant must surely be restricted to the grounds stated in this paper.

The grounds are: first, newly discovered evidence; second, that the power of attorney was not properly acknowledged. The affidavit of Colbath alone refers to the first point. The power of attorney and the certificate of acknowledgment thereto are the only evidences relative to the latter point. Other evidence in the statement was surplusage, it was therefore unnecessary for respondents to offer amendments to the evidence on other points. The statement having been settled only with reference to these two points, it would be unjust to reverse the judgment on other grounds which may appear to be made out by this statement.

Appellant, in reply, urged that the agreement of respondents in this case made the statement on motion for new trial the statement of the case, and should be treated as an admission that it contained everything material to the points made on motion for new trial.

The statement properly construed contains the grounds for the motion: first, newly discovered evidence; second, the insufficiency of the evidence to justify the decision; third, the same is against law and the facts, etc.

Opinion by LEWIS, J., BEATTY, C. J., and JOHNSON J., concurring.

This action is brought to recover a sum of money claimed to be due upon a certain promissory note bearing date September 30th, A.D., 1865, and signed "Joseph D. Winters, by Edward C. Morse." As a defense the defendant Winters pleads: first, that the note was given without consideration; and second, that Edward C. Morse had no authority as his agent to execute it.

The case having been tried without a jury, the Judge below reported the following as findings of fact:-

"First—That on the thirtieth day of September, A.D. 1865, the said defendant, Joseph D. Winters, for value received, did by his duly authorized agent and attorney, Edward C. Morse, at Glen-

brook, in the County of Ormsby, State of Nevada, make, execute and deliver to the said Edwin C. Morse the promissory note in the complaint set forth, and thereby undertook and promised to pay the said Edward C. Morse, or order, the sum of seven hundred and eight dollars in forty days after date, with interest thereon at the rate of one and one-half per cent. per month; that the said Edward C. Morse was duly authorized and empowered to make, execute, and deliver the said promissory note for and on behalf of said Joseph D. Winters; that afterwards, and before the maturity of said note, the said Morse, for value received, indorsed said note and delivered it so indorsed to plaintiffs, who are now the owners and holders thereof.

" That no portion of either the principal or interest of said note has been paid, and there is now due thereon the sum of seven hundred and eight dollars principal and sixty-seven dollars and fifty-five cents interest."

Upon these findings judgment was given for plaintiffs. A motion for a new trial was afterwards made and refused by the Court below. From the ruling upon that motion and from the final judgment the defendant Winters takes this appeal, and relies upon the following points for a reversal:

First—That a new trial should have been granted upon the showing of evidence discovered after the trial; and

Second—That the evidence does not justify or support the findings of fact.

Section 193 of the Practice Act declares that " The former verdict or other decision may be vacated, and a new trial or rehearing granted, on the application of the party aggrieved for any of the following causes materially affecting the substantial rights of such party."

The fourth cause enumerated in this section is, " Newly discovered evidence, material for the party making the application, which he could not with reasonable diligence have discovered and produced at the trial."

Section 194 provides that where newly discovered evidence is the ground upon which the new trial is sought, the application must be made upon affidavit.

To sustain a motion for new trial upon this ground, it is indispensably necessary to show: first, that the newly discovered evidence is material to the party making the application; second, that he could not with reasonable diligence have discovered and produced it at the trial; and third, that it is not cumulative. Applications for new trial upon this ground have been uniformly viewed with jealousy by the Courts, and generally have been granted only upon a very satisfactory showing.

It is for the public good that there be an end to litigation. When therefore, a trial has been had, and a judgment rendered, a second trial should only be granted to further the ends of justice, and not to relieve litigants from the consequences of their own laches, thoughtlessness or neglect. The law demands of the parties all reasonable diligence and caution in preparing for trial, and furnishes no relief for the hardships resulting from inexcusable neglect or want of diligence. When therefore a new trial is sought because of newly discovered evidence, it should most certainly be shown by the party making the application that his failure to produce such evidence at the first trial was not the result of any negligence upon his part. Of that fact the Court should be perfectly satisfied. To grant new trials upon this ground, where no such showing is made, would simply be giving encouragement to negligence, and judicial approval to inexcusable carelessness.

The appellant in this case made no such showing by the affidavit of Colbath. That affidavit simply shows the following facts: That Colbath, who seems to have been a part owner with the defendant Winters in the Glenbrook House, had a settlement with the tenant Beaty long prior to the giving of the note sued on in this case; that upon that settlement it was found that Beaty was indebted to Winters and Colbath in the sum of one hundred dollars, for which he gave his note, and that he, Colbath, had not prior to the trial informed Winters of such settlement. This evidence is supposed to be material, because tending to show that Winters and Colbath were not indebted to Beaty, and hence that there was no consideration for this note, which was given to secure an indebtedness which Beaty owed to the plaintiffs.

But testimony tending to show that the defendant was not

indebted to Beaty would simply be cumulative.   That Winters was not indebted to Beaty at the time this note was given seems hardly to have been disputed at the trial.   Beaty testified that nothing was due him, and Winters also swore to the same fact.   But the plaintiffs did not seem to rely upon such indebtedness as a consideration.   Their agent testifies that the consideration was the surrender of the house by Beaty to Winters.   Clearly, therefore, Colbath's testimony is simply cumulative, and when such is the case a new trial will not be granted.   (*Gray* v. *Harrison*, 1 Nev. 502.) Even if it be not cumulative, the appellant made no showing that he had used any diligence whatever to secure Colbath's testimony; nor indeed is there anything in the record to show that Winters did not know at the time of the trial of the settlement between Colbath and Beaty.   True, Colbath swears that he did not inform Winters of that fact until after the trial, but he may have learned it by simply consulting his own books of account, or inquiring of his tenant.   If the appellant did not know of the settlement at the time of the trial he could surely have made some showing to that effect.   His own affidavit should if possible have been obtained. That the evidence was discovered after the first trial, and that the appellant was not chargeable with inexcusable negligence, is not by any means made out.   The party applying for a new trial on the ground of newly discovered evidence must make his vigilance apparent; for if it is even doubtful that he knew of the evidence, or that he might but for negligence have known and produced it, he will not succeed in his application. . (1 Graham & Waterman on New Trials, 473 ; *Baker* v. *Joseph*, 16 Cal. 173.)

Upon the second point also our conclusion is adverse to the appellant.   We have heretofore held that we will not set aside the findings of the lower Court, or the verdict of a jury, upon the ground that they are not justified or supported by the evidence, unless it be shown that all the material evidence is before us.   (See *State* v. *Bonds*, 2 Nev. 265.)   The stipulation by counsel that the statement is correct, cannot be tortured into an admission that it contains all the testimony when no such fact appears in the statement itself. The stipulation of counsel goes no farther than to admit that all the testimony which is set out in the statement is correctly stated.   The

statement purports to give the testimony of three or four of the witnesses who were sworn at the trial.   Whether all their evidence is given or not, or whether they were all the witnesses who testified in the case, does not appear.   An admission therefore by counsel that the statement is correct is surely no admission that no other witnesses were sworn, or that the record contains all that was sworn to by those mentioned.   In agreeing that a statement is correct, counsel admits nothing beyond that which is set out in the statement itself.   Had it been affirmed in the statement that it contained all the evidence, a stipulation that the statement was correct would of course be an admission of the fact that it contained all the evidence.

It is urged by counsel however, that it is only necessary to set out so much of the evidence as is necessary to explain the points taken upon appeal.   Very true.   But to enable this Court intelligently to pass upon the question whether the findings or verdict are sustained by the evidence, it is necessary that it have all the material evidence before it.

The transcript does not purport to contain it.   The presumption is therefore in favor of the regularity of the findings of the judgment of the Court below.

Judgment affirmed.

Opinion by BEATTY, C. J.

I fully concur in the foregoing opinion so far as it relates to the question of newly discovered evidence.

I also reluctlantly concur in the conclusions arrived at in the latter part of the opinion.   But whilst I concur in the result, I wish to say that I think the language contained in the following sentence is too broad, and may hereafter lead to difficulties and embarrassment on the part of both Court and counsel.   The sentence to which I allude is as follows : " We have heretofore held that we will not set aside the findings of the lower Court, or the verdict of a jury, upon the ground that they are not justified or supported by the evidence, unless it be shown that all the material evidence is before us."   (See State v. Bonds, 2 Nev. 265.)

In the case of the State v. Bonds, although the language is used

" to justify an appellate Court in setting aside a verdict upon the ground of insufficiency of the evidence, the record which is presented to it must purport to embody all the material evidence adduced on the trial." Yet the case in fact went off on the ground, among others, that the record did contain evidence sufficient to justify the verdict; so this first sentence contained a mere dictum not important in the decision of that case.

Our statute, Section 195 of Practice Act, requires a party desirous of a new trial to give notice to the opposite party within two days after the trial of his intention to move for the same; and if intending to rely on affidavits, to file the same within five days after notice of intention to move is served. If the moving party intends to rely on a statement, he shall within the same period make " a statement of the grounds on which he intends to rely." . * * * " The statement shall contain so much of the evidence or reference thereto as may be necessary to explain the grounds taken, and no more. Such statement, when containing any portion of the evidence of the case, and not agreed to by the adverse party, shall be settled by the Judge upon notice."

This statute seems simple enough; one would think it might be followed without difficulty; but every day's experience shows us that cases are frequently brought before this Court where it is a question of great difficulty to determine what we may review and what we are excluded from reviewing, by the want of a proper statement. Generally, a party moving for a new trial on the ground that the evidence does not support the verdict or finding of the Court, can without difficulty point out the particular branch of the case in which he thinks the evidence is defective.

Having pointed out the particular defect complained of, he should then say that all the evidence in regard to this point was as follows: giving the oral testimony of the witnesses on the particular point or points, and also referring to such documentary evidence as has any relation to the point; or if there is an entire absence of proof, the statement may simply show that no evidence was introduced in relation to a certain point in the case. Whilst it would be far better that the statement should distinctly show that all the evidence relating to the point relied on for a new trial was contained in the record,

yet as this statement has to be submitted to the opposite party, and finally settled by the Court if not agreed to, I think a liberal construction should be put upon it; and if this Court can see that the point to be relied on has been fairly stated, and an attempt made to state the evidence bearing on that point, and especially where amendments have been made by the opposite party, or the statement agreed to as correct, it should conclude that everything material to the point was contained in the record, although there may be no statement that it contains all the evidence, or all the evidence relating to the point relied on.

The presumption is, that the party wishing to sustain the verdict will insert whatever is deemed material for his side of the case. But perhaps this liberal construction should only be indulged in where the statement shows distinctly the points to be relied on, and thereby gives the opposite party a fair chance to make such emendations as may be proper fairly to present his side of the case.

The statement in this case shows only two grounds to be relied on by appellant: First, newly discovered evidence; and second, "the insufficiency of the evidence to justify the decision, and that the same is against the law and facts, upon the ground that the power of attorney was never duly acknowledged."

Now it appears to me, by any fair interpretation of this second point, it can only be held to raise the objection that the evidence was insufficient to support the findings, because of the want of a proper acknowledgment to the power of attorney. If such is the proper interpretation of this objection, then nearly all the statement was surplusage, and it was not necessary for respondents to insert in the statement other evidence, which would have been only incumbering the record with more irrelevant matter. The evidence should be confined to the point made. The appellant, however, contends that this objection should be treated as if it contained two distinct sentences, the first of which would read as follows: "The insufficiency of the evidence to justify the decision." As the sentence is written in the transcript, I think it will hardly bear such a division. If it did, I should say the statement of the evidence was sufficient to support this point. The statement contains first, the evidence of certain witnesses called by plaintiffs as to the circumstances under

which the note was executed; then the testimony of certain witnesses called by defendants as to the same circumstances.  The testimony of both sets of witnesses shows conclusively and without contradiction among themselves that the note was executed in the name of defendant by one Edward C. Morse; that Morse, at the time he executed the note, had no power from Winters to execute the same; and that there was not a shadow of consideration for the note.  Respondents stipulated that the statement filed by appellants "shall be used as the agreed statement on motion for a new trial in the cause."

Had the statement fairly raised the point that the evidence was insufficient to support the finding, then I should have held that this stipulation not only admitted the witnesses named had sworn as stated, but that there was no other material evidence on the same subject which could have benefited respondents by being introduced into the record.  But as the statement of the ground on which the appellants intended to rely was so vague and uncertain—so well calculated to mislead and deceive the respondents—I am compelled to acquiesce in the affirmance of the judgment, although it seems highly probable that it is erroneous.