ROBERT G. PEOPLES, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 5158

February 21, 1967                    423 P.2d 883

*Harold Cutler* and *Hubert R. Sommers,* of Los Angeles, California, and *Michael L. Hines* of Las Vegas, Nevada, for Appellant.

*Harvey Dickerson,* Attorney General, of Carson City, *William P. Beko,* District Attorney, Nye County, and *Chadwick E. Lemon,* Deputy District Attorney, of Tonopah, for Respondent.

116

## OPINION

By the Court, THOMPSON, C. J.:

Peoples was convicted of first degree murder and is serving a life sentence without possibility of parole. His appeal to this court presses many claims of error. We have concluded that none has merit and affirm the conviction.

1.   At trial the defendant objected to testimony by the witness Roberts about prior threats made by the defendant to the victim. The lower court correctly allowed that evidence since it was relevant to premeditation, deliberation and malice. King v.

State, 80 Nev. 269, 392 P.2d 310 (1964); State v. Fitch, 65 Nev. 668, 200 P.2d 991 (1948); State v. Canak, 55 Nev. 293, 31 P.2d 1033 (1934). The defendant now contends that the court should have given the jury a limiting instruction. He offers no authority to support his contention, nor have we found any. In any event, the defendant did not ask for such an instruction, and may not now complain that it was not given. Mears v. State, 83 Nev. 3, 422 P.2d 230 (1967).

2. The contention is advanced that prejudicial error occurred when the prosecutor attempted to offer the defendant's switchblade knife into evidence. Objection was interposed and sustained. It is conceded that the knife played no part in the homicide. Notwithstanding the court's ruling, the defendant suggests that the jury must have been swayed by the prosecutor's effort to offer inadmissible evidence. We will not presume that the jury's verdict was somehow influenced by this bit of offered evidence which the court excluded. Indeed, had the evidence been erroneously received, we would deem it harmless in the context of this case. Cf. Bean v. State, 81 Nev. 25, 34, 398 P.2d 251 (1965).

3. Shortly after the homicide a deputy sheriff walked up to the defendant and his companion and asked: "Which one of you has the gun?" Defense counsel interrupted, stating: "I will object to him paraphrasing the testimony. Lets have what the words were." The witness then answered: "All I can remember is they said: 'I don't know anything about the shooting.'" Defense counsel moved to strike the answer which he had elicited. The motion was denied. It is now claimed that the question and answer violated the rule of Escobedo v. Illinois, 378 U.S. 478 (1964). It is clear from the record that at the time the sheriff inquired of the defendant about the gun, the sheriff did not know that a homicide had been committed. His inquiry was directed to a prior shooting of a gun in a barroom which had not caused harm. The killing occurred later the same day at a different place. Escobedo is inapposite since the officer's inquiry was general, and unrelated to the homicide. Indeed, none of the requisites needed for the application of Escobedo are present here. Cf. Bean v. State, supra.

4. The remaining assignments of error may be summarily handled. (a) The defendant complains that the State failed to

produce for his use before trial copies of the autopsy report, X-rays and photographs. The photographs were delivered to defendant's trial counsel,[1] before trial. The X-rays taken of the victim were lost or misplaced by the doctor before trial and could not be produced. Defense counsel did not move for the production of any of the mentioned items before trial. This claim of error is patently without substance. (b) It is asserted that the jury was unfair because seven of its members knew the district attorney. Of course, such acquaintanceship does not disqualify, NRS 175.105. The jury did not contain a member whom the defendant had unsuccessfully challenged for cause. This appellate complaint has no merit. (c) It is argued that inflammatory publicity precluded a fair trial. Such publicity is no part of the record on appeal. Trial counsel was apparently satisfied with the jury selected following voir dire for he did not seek to change the place of trial. Cf. Hanley v. State, 80 Nev. 248, 391 P.2d 865 (1964). In these circumstances we cannot find a denial of due process. Bean v. State, supra. (d) The defendant now complains that he was not given a speedy trial. The record shows that most of the delay in bringing the case on for trial was attributable to the defendant. In any event, the statutory right to a speedy trial [178.495; 169.160(1)] must be asserted before trial, or it is waived. Cf. Oberle v. Fogliani, 82 Nev. 428, 420 P.2d 251 (1966). (e) It is suggested that the defendant was not competent to assist in his defense. The suggestion finds no support in the record. The defendant did not seek a competency hearing before trial, nor is there an indication that he should have requested such a hearing. Thus, we do not reach the questions presented in Hollander v. State, 82 Nev. 345, 418 P.2d 802 (1966) or Krause v. Fogliani, 82 Nev. 459, 421 P.2d 949 (1966). (f) It is asserted that the jury was not adequately supervised and had an opportunity to discuss the case with witnesses. The record does not support this assertion.[2] (g) Finally, the prosecutor is charged with having misstated a minor bit of evidence in jury argument. Defense counsel objected, whereupon it was agreed between them that the jury could call for the record and resolve the dispute if it

---

[1] Hubert Sommers, Esquire, of the California bar was retained counsel on appeal, but did not participate in the trial.

[2] The assertion rests on affidavits secured from two witnesses after the case was concluded and while this appeal was pending. Those affidavits, attached to appellant's brief, are not properly a part of the record on appeal. We note, however, that they do not contain facts from which prejudice to the right to a fair trial may be presumed.

wished to do so. That ended the matter. We perceive no error. For the reasons expressed the conviction is affirmed.

COLLINS and ZENOFF, JJ., concur.