LONNIE J. NALL, aka LONNIE J. CAPEL, aka LARRY JOHNNY EVANS, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 5594

January 3, 1969        448 P.2d 826

*James D. Santini,* Public Defender, and *Anthony M. Earl,* Deputy Public Defender, Clark County, for Appellant.

*Harvey Dickerson,* Attorney General, *George E. Franklin, Jr.,* District Attorney, and *Addeliar D. Guy* and *H. Leon Simon,* Deputy District Attorneys, Clark County, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

On May 14, 1967 a homemade bomb and an extortion note were discovered in a room in the Sahara Hotel in Las Vegas.

The bomb was prevented from exploding. Appellant and two others were each charged with two counts of attempting to destroy a building and, by a later amended information, one count of extortion. A jury found appellant guilty of extortion but was unable to agree on the other charges.

1.   Appellant contends that the plea of guilty to the charge of extortion by a co-conspirator should not have been excluded by the trial court. The exclusion was not error. When the co-conspirator pleaded guilty, he stated that he conspired with others. The prosecution proved that appellant's fingerprints were on the extortion note and on the hotel registration card and also that appellant's handwriting matched the handwriting on the hotel registration card. It was manifest that the co-conspirator had built the bomb and appellant had planted it. Since the co-conspirator's guilty plea did not preclude appellant's guilt, the evidence of the plea was properly excluded. State v. White, 52 Nev. 235, 285 P. 503 (1930).

2.   Appellant contends that he was denied a speedy trial because his trial began 70 days after the filing of the charging information. NRS 178.495 required trial within 60 days unless good cause for delay was shown. The prosecution received a delay in trial because its most important witness, an FBI fingerprint expert, could not be present on the original trial date. The other delays were instituted by the appellant and of these he cannot complain. Barker v. State, 84 Nev. 224, 438 P.2d 798 (1968).

3.   An amendment of the original information adding the charge of extortion was allowed by the trial court. Since plentiful evidence of extortion was adduced at the preliminary examination and since the appellant stated he needed no additional time to prepare for trial, the requirements of NRS 173.100 were met.

4.   The trial court did not err when it moved the proceedings to open land where the contents of the bomb could be taken out without danger of injury to the court or jurors. Appellant had continually suggested throughout the trial that there were no explosives in the bomb, so the prosecution was properly given an opportunity to show the presence of gun

powder. Conducting the examination away from a congested area as a safety measure is not improper.

Affirmed.

THOMPSON, C. J., COLLINS, BATJER, and MOWBRAY, JJ., concur.