BILLY DOYLE HAMPTON, APPELLANT, *v.* SHERIFF, CLARK COUNTY, NEVADA, RESPONDENT.

No. 6001

March 2, 1970                    465 P.2d 615

---

*Oscar B. Goodman,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General; *George E. Franklin, Jr.,* District Attorney, and *Lorin D. Parraguirre,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

After preliminary hearing on December 9, 1968, the appellant was bound over to district court for trial on a charge of assault with intent to commit rape (NRS 200.400). On December 31, 1968, an information was filed against appellant on that charge, and on February 4, 1969, the state filed an amended information, without objection, including the additional charge of being an habitual criminal (NRS 207.010). On March 24, 1969, the appellant sent to the district court a handwritten petition for habeas corpus, which was received by that court on or about April 3, 1969. In the petition the appellant sought to invoke the "60-day rule" (NRS 178.556). On April 15, 1969, the appellant's pretrial habeas was denied, and it is from that order that this appeal is taken.

At the outset it is conceded that it is the fundamental constitutional right of every person accused of a crime to a speedy trial, and that principle requires no citation of authority. However, we have held that whether or not that right has been denied depends upon the circumstances of the particular case. Bates v. State, 84 Nev. 43, 436 P.2d 27 (1968); Stone v. State, 85 Nev. 60, 450 P.2d 136 (1969).

In this case, between the date of the preliminary hearing and the denial of habeas, appellant either personally or through his various attorneys, filed more than twenty motions and applications for writs; caused the arraignment to be postponed some seven times, and the trial dates to be reset twice; discharged three attorneys who were appointed by the court to conduct his defense, and then sought to represent himself, and refused to submit to a psychiatric examination after having consented to the same. From an examination of the record it is abundantly clear that any delay in bringing the appellant to trial was a direct result of his conduct and choice of procedural maneuvers. There is no evidence to support the appellant's contention that the state denied him his constitutional rights. Klopfer v. North Carolina, 386 U.S. 213 (1967); Bates v. State, supra; Barker v. State, 84 Nev. 224, 438 P.2d 798 (1968); Nall v. State, 85 Nev. 1, 448 P.2d 826 (1969).

Accordingly, the order denying the application for pretrial habeas corpus is affirmed, and the matter is remanded for trial.