LONNIE NALL, APPELLANT, *v.* WARDEN, NEVADA STATE PRISON, RESPONDENT.

No. 6060

June 18, 1970                      471 P.2d 218

*James D. Santini,* Public Defender, *Jeffrey D. Sobel* and *Steven Godwin,* Deputy Public Defenders, Clark County, for Appellant.

*Harvey Dickerson,* Attorney General, of Carson City, *George E. Franklin, Jr.,* District Attorney, *Alan R. Johns* and *Larry C. Johns,* Deputy District Attorneys, Clark County, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

This appeal is from an order of the district court denying relief under the post-conviction remedy act. Nall was convicted of felony extortion under NRS 205.320 and sentenced to five years imprisonment. That conviction was affirmed on direct appeal to this court. Nall v. State, 85 Nev. 1, 448 P.2d 826 (1969). His petition for post-conviction relief rests mainly upon our decision in Lapinski v. State, 84 Nev. 611, 446 P.2d 645 (1968). That case declared void the penalty provision of NRS 205.272 as amended, 67 Stats. 500, ch. 211, on the premise that the penalty to be exacted was unconstitutionally delegated to the discretion of the prosecuting attorney.

According to the appellant, the relevance of Lapinski, supra, is this. At the time of the appellant's trial there existed two statutes, NRS 205.320 and NRS 205.315, either of which was applicable to his offense.[1] Violation of the former was a felony

---

[1] In 1967 NRS 205.315 was repealed, and NRS 205.320, amended in part. When this case was commenced they read as follows:

NRS 205.315. "If any person, either verbally or by any written or printed communication, shall maliciously threaten any injury to any person or property of another, with intent thereby to extort money, or any pecuniary advantage whatever, or to compel the person so threatened to do any act against his will, he shall be punished, upon conviction thereof, by imprisonment in the county jail for not less than 6 months nor more than 1 year, and by a fine of not less than $100 nor more than $500."

NRS 205.320. "Every person who, with intent thereby to extort or gain any money or other property or to compel or induce another to make, subscribe, execute, alter or destroy any valuable security or instrument or writing affecting or intended to affect any cause of action or defense, or any property, or to influence the action of any public officer, or to do or abet or procure any illegal or wrongful act, shall threaten directly or indirectly:

1. To accuse any person of a crime; or
2. To do any injury to any person or to any property; or
3. To punish or connive at publishing any libel; or
4. To expose or impute to any person any deformity or disgrace; or
5. To expose any secret,

shall be punished by imprisonment in the state prison for not more than 5 years or by imprisonment in the county jail for not more than 1 year, or by a fine of not more than $1,000, or by both fine and imprisonment."

or a gross misdemeanor; violation of the latter, a gross misdemeanor. The district attorney, therefore, could select under which statutory provision he wished to prosecute and, thereby, selected the penalty by his choice—a discretionary act on his part, banned by the reasoning of Lapinski.

The contention is not sound. Lapinski involved the discretion of the district attorney under a single statute defining the elements of a single crime. The discretion involved allowed the prosecutor to select the penalty. That discretion is not given to the prosecutor under either NRS 205.320 or 205.315. In the instance of 205.315, the penalty is fixed by legislative fiat. In the instance of 205.320, the court selects the penalty. Moreover, an offense under NRS 205.320 does not require as one element, malice, whereas the offense described in NRS 205.315 requires malice to be shown.[2] To this extent, the crimes described are different. These distinctions deny the application of Lapinski to the case at hand.

Affirmed.

COLLINS, C. J., BATJER and MOWBRAY, JJ., concur.

ZENOFF, J., concurring:

I concur only in the result.

It is my opinion that this appeal should not be entertained at all. On his appeal after the trial Nall could have raised the issue that he now asserts to the court because Lapinski v. State, 84 Nev. 611, 446 P.2d 645 (1968), was in existence at the time of appeal. He failed to request an appropriate instruction. Such failure precludes consideration of the matter on direct appeal, Mears v. State, 83 Nev. 3, 10, 422 P.2d 230 (1967); Peoples v. State, 83 Nev. 115, 117, 423 P.2d 883 (1967); State v. Carcerano, 390 P.2d 923, 930 (Ore. 1964); Cohen v. United States, 366 F.2d 363, 368 (9th Cir. 1966), or even in a post-conviction proceeding. North v. Cupp, 461 P.2d 271 (Ore. 1969).

Recently, in Rogers v. Warden, 86 Nev. 359, 468 P.2d 993 (1970), we refused to consider a second post-conviction application dealing with issues which should have been raised in the first application. The court quoted approvingly from Tiller v. Warden, 229 A.2d 600, 603–604 (Md.App. 1967), which reasoned that a court should only consider issues not raised on direct appeal or in the first post-conviction application upon a showing that special circumstances accounted for

---

[2]The incongruity—to require malice as an element of the lesser offense and to omit it as an element of the greater—is apparent and perhaps explains the 1967 repeal of 205.315.

the petitioner's failure to do so. Other jurisdictions with similar post-conviction procedure acts have also adopted the proposition that a court will consider an issue waived if not raised on direct appeal unless there is a reasonable basis for petitioner's failure to do so. Bias v. Cupp, 462 P.2d 684 (Ore.App. 1969); People v. McCracken, 251 N.E.2d 212 (Ill. 1969).

In this case we should declare the issue waived as not having been properly raised on appeal and no reasonable explanation offered for petitioner's failure to allege such a claim. Hadder v. Warden, 256 A.2d 549 (Md.App. 1969); Bias v. Cupp, supra; People v. McCracken, supra.

We should heed the clamor that "something should be done" about the crowded court calendars and cease the practice of allowing repeated appeals over and over again from confined litigants who have nothing else to do but pester the judicial process for release on grounds that in most instances are imaginary. Yet, so long as petitions are filed courts must consider them. Were we to stick to the policy that all legal issues must be raised at one time or be considered waived, absent special circumstances, the time wasted on those could be directed to other pending cases.