MELVIN L. CRANFORD, Appellant, v. WARDEN, NEVADA STATE PRISON, Respondent.

No. 6786

June 21, 1972                                        498 P.2d 377

*J. Rayner Kjeldsen,* of Reno, for Appellant.

*Robert List,* Attorney General; *William Macdonald,* District Attorney, and *John M. Doyle,* Deputy District Attorney, Humboldt County, for Respondent.

**OPINION**

*Per Curiam:*

This is an appeal from an order of the district court denying Melvin L. Cranford's application for post-conviction relief. Cranford was charged with the crime of murder in Humboldt County, Nevada, and there convicted. His judgment of conviction was affirmed on a direct appeal to this court. See Cranford v. State, 76 Nev. 113, 349 P.2d 1051 (1960).

Cranford predicates his present claim for relief on the assertion that the information charging him with murder was fatally

defective because it failed to state that the victim of the murder died in Washoe County.[1] This objection was never raised during the trial proceedings in the district court or on the direct appeal to this court. Further, Cranford has offered no explanation of his failure to do so. The absence of such an explanation may bar post-conviction relief. See Craig v. Warden, 87 Nev. 39, 482 P.2d 325 (1971); Nall v. Warden, 86 Nev. 489, 491–492, 471 P.2d 218, 219–220 (1970) (ZENOFF, J., concurring). There is, however, no merit to Cranford's present contention. The information was not defective. The crime was committed and completed in Humboldt County. The fact that the victim was removed to a hospital in Washoe County, where he died, did not divest the district court in Humboldt County of jurisdiction.

NRS 200.110, subsection 1, provides:

"If the injury be inflicted in one county, and the party die within another county, or without the state, the accused shall be tried in the county where the act was done, or the cause of death administered."

The order of the district court denying Cranford's application for post-conviction relief is affirmed.

Since counsel for the appellant was appointed by the district court to handle this appeal, we direct that court to compensate counsel as provided by NRS 7.260.

---

[1]The charging portion of the information states:

"That the said defendant, Melvin L. Cranford, at the time and place last aforesaid [September 23, 1957, at the County of Humboldt] did, without authority of law, wilfully, unlawfully and with malice aforethought, kill and murder one Andrew Schutt, a human being, by then and there striking him, the said Andrew Schutt[,] with a 22 caliber revolver, thereby mortally wounding him, the said Andrew Schutt, of which wound, he, the said Andrew Schutt[,] died on the 23rd day of September, A.D. 1957."