XAVIER P. SOLORZANO, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 8561

March 12, 1976
546 P.2d 1295

*Morgan D. Harris,* Public Defender, and *Joseph T. Bonaventure,* Deputy, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *H. Leon Simon,* Deputy, Clark County, for Respondent.

# OPINION

*Per Curiam:*

A jury found Xavier P. Solorzano guilty of "battery with intent to kill," a felony under NRS 200.400. After being sentenced to a five (5) year term in the Nevada State Prison Solorzano perfected this appeal contending the trial judge committed two (2) reversible errors.

1. The first claim of error, which we reject, is directed to the trial judge's ruling which allowed the prosecuting attorney to introduce testimony that Solorzano had threatened the victim on numerous occasions.

This record reflects the challenged testimony was offered for the limited purpose of showing Solorzano's "intent" to commit the crime, and not, as he suggests, to show bad character. The evidence was admissible. NRS 48.045(2).[1] Our prior decisions have so held. See, for example, Peoples v. State, 83 Nev. 115, 423 P.2d 883 (1967), and cases cited therein; and, State of Nevada v. Bonds, 2 Nev. 265 (1866). Compare: concurring opinion of Beatty, C. J. in State of Nevada v. Hymer, 15 Nev. 49, 54–56 (1880).

2. Solorzano's second claim of error is directed to the trial judge's ruling which permitted the prosecution to introduce a murder-suicide note during rebuttal. We reject his claim that the note could only be admitted as a part of the case-in-chief.

Here, the question of Solorzano's ability to distinguish right from wrong was brought in issue by his only defense witness, a neuropsychiatrist. Thereafter, the note, which contained

---

[1] The statute reads, in part: "Character evidence inadmissible to prove conduct: Exceptions; other crimes. . . .

"2. *Evidence of other* crimes, wrongs or *acts* is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It *may, however, be admissible for other purposes, such as proof of* motive, opportunity, *intent,* preparation, plan, knowledge, identity, or absence of mistake or accident." (Our emphasis.)

probative language, was admitted; and, a limiting instruction specified the jury could consider it "only on the issue of sanity or insanity." In this context, and under our decision in Hilt v. State, 91 Nev. 654, 541 P.2d 645 (1975), the trial judge did not err in permitting the note to be admitted on rebuttal.
Affirmed.