BOBBY DEAN STANFILL, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 12806

March 31, 1983                    660 P.2d 1003

[Rehearing denied June 24, 1983; see 99 Nev. 499, 665 P.2d 1146 (1983)]

*Thomas E. Perkins,* Public Defender, and *Robert A. Bork,* Deputy Public Defender, Carson City, for Appellant.

*Brian McKay,* Attorney General, and *William A. Maddox,* District Attorney, Carson City, for Respondent.

[4]SENIOR JUSTICE DAVID ZENOFF was appointed to participate in the decision of this matter in the place and stead of THE HONORABLE E. M. GUNDERSON, Justice, pursuant to the Nevada Constitution, art. 6, § 19(1)(a) and 19(1)(c), and SCR 10.

## OPINION

*Per Curiam:*

On January 6, 1980, appellant, Bobby Dean Stanfill, attempted to purchase a leather belt from a Carson City merchant with a Mastercharge card issued in the name of William F. Colm. A store clerk testified that appellant presented a Mastercharge card along with a belt valued at $17.54, and indicated his desire to purchase the belt. Thereafter, the clerk called for an authorization on the purchase and was advised the card was invalid. The Mastercharge authorization representative told the clerk to "stall" the purchaser until police could be summoned. A short time later the police arrived and arrested Stanfill.

Stanfill was later charged with possession of a stolen credit card, and indicted pursuant to NRS 205.690(2). Thereafter, a jury found Stanfill guilty of possession of a stolen credit card.

On appeal, Stanfill claims the statutes governing the offense with which he was charged allow for arbitrary enforcement in violation of his equal protection rights.

In the instant case, Stanfill was charged with violating NRS 205.690(2), a felony. Under the statutory scheme, however, Stanfill could also have been charged with violating NRS 205.760. This statute requires proof of essentially the same elements as NRS 205.690(2), but permits offenses involving less than $100 to be punished as misdemeanors.

NRS 205.690(2), states in pertinent part:

[A]ny person who possesses a credit card without the consent of the cardholder and with the intent to circulate, use, sell or transfer the card with intent to defraud shall be punished by imprisonment in the state prison for not less than 1 year nor more than 6 years, and may be further punished by a fine of not more than $5,000.

The jury was also instructed on NRS 205.760, which provides in pertinent part:

    1.   Any person who, with intent to defraud:

    (a) Uses a credit card for the purpose of obtaining money, goods, property, services or anything of value where such credit card was obtained or retained in violation of NRS 205.690 to 205.750, inclusive, or where such person knows the credit card is forged, expired or revoked; or

    (b) Obtains money, goods, property, services or anything else of value by representing, without the consent of the cardholder, that he is the authorized holder of a specified card or that he is the holder of a card where such card has not in fact been issued,

is guilty of a public offense and shall be punished as provided in subsection 2.

    2.   Where the amount of money or the value of the goods, property, services or other things of value so obtained in any 6-month period is:

    (a) $100 or more, the violator shall be punished by imprisonment in the state prison for not less than 1 year nor more than 10 years, or by a fine of not more than $10,000, or by both fine and imprisonment.

    (b) *Less than $100, the violator shall be punished for a misdemeanor.*

(Emphasis added.)

Stanfill contends the aforementioned statutes require essentially the same elements of proof, thereby giving the district attorney unbridled discretion to prosecute the crime as a misdemeanor or felony.

A state may not prescribe different penalties for the same offense without violating the Equal Protection Clause of the Fourteenth Amendment. Spillers v. State, 84 Nev. 23, 31, 436 P.2d 18 (1968). Likewise, where a statute prescribes "different punishments or different degrees of punishment for the same acts committed under the same circumstances by persons in like situation[s]," the Equal Protection Clause is violated. State v. Pirkey, 281 P.2d 698, 702 (Or. 1955); *see also* Olsen v. Delmore, 295 P.2d 324 (Wash. 1956); State v. Rentfrow, 552 P.2d 202 (Wash.App. 1976).

Here, the statutes in question mandate different punishments

for what appear to be the same act. NRS 205.690(2) requires proof of: (1) possession of a credit card; (2) without the consent of the cardholder; (3) with intent to circulate, use, sell or transfer; and (4) with intent to defraud. In comparison, NRS 205.760(1) requires proof of: (1) use of a credit card; (2) without the consent of the cardholder; (3) to obtain money, goods, property, services or anything of value where such credit card was obtained or retained in violation of NRS 205.690 to 205.750; and (4) with the intent to defraud.

A review of the two statutes in question suggests the elements of proof are essentially the same. Indeed ''use of a credit card'' as required by NRS 205.760(1) necessarily implies ''possession of a credit card,'' as required by NRS 205.690(2). The penalty contained in NRS 205.690(2) imposes a sentence of one to six years with the possibility of a fine not to exceed $5,000; whereas, NRS 205.760(2)(b) treats the crime as a misdemeanor if the value of the goods involved does not exceed $100.00. Here, Stanfill attempted to purchase a belt with a retail value of $17.54. Nonetheless, he was charged under the felony statute rather than the misdemeanor statute. A comparison of the other elements contained in the statutes does not establish an intelligent standard for distinguishing the conduct proscribed by the two statutes.[1] As to offenses involving less than $100, NRS 205.760 and NRS 205.690(2) appear to prescribe different degrees of punishment for acts committed under the same circumstances by persons in like situations. We therefore conclude that insofar as the statutes in question permitted appellant to be incarcerated for either a misdemeanor or for a felony, in the discretion of the prosecutor, they violated the Equal Protection Clause of the Fourteenth Amendment. The sentence must therefore be modified. Lapinski v. State, 84 Nev. 611, 446 P.2d 645 (1968).[2]

---

[1]In 1971, Attorney General Robert List testified before the Assembly Committee on Judiciary regarding the statutory scheme at issue. The legislative minutes provide:

Testimony from ROBERT LIST, NEVADA ATTORNEY GENERAL: He stated he has sent a copy of a letter setting forth an objection to AB 27. Sections 15 and 16 of the bill would purport to give the district attorney discretion whether to prosecute under the statute as a felony or a misdemeanor for the same act. Such a provision in law has been held unconstitutional. The *Lapinski* case, 84 Nev. 611 concerned a similar statute allowing the district attorney to prosecute as a felony or a gross misdemeanor, and the court held that the district attorney had to decide how to prosecute. That is one flaw in the bill.

[2]In *Lapinski,* this court concluded that NRS 205.272, the taking of a vehicle without the consent of the owner, was unconstitutional because it allowed the district attorney discretion to decide whether the defendant

Other contentions have been considered. In the context of this case, the claimed errors are deemed not to have prejudiced appellant's rights.

Remanded for further proceedings consistent with this decision.

should be charged with a felony, gross misdemeanor, or a misdemeanor. This court discussed the constitutional infirmity of the statute, and stated: "While the conduct prohibited is clearly defined, the concomitant punishment is not. This allows arbitrary law enforcement which cannot be contenanced [sic]." 84 Nev. at 613. Accordingly, we remanded for imposition of a proper sentence.