BOBBY DEAN STANFILL, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 12806

June 24, 1983                                665 P.2d 1146

[2]The Chief Justice designated THE HONORABLE DAVID ZENOFF, Senior Justice, to sit in this case in place of THE HONORABLE JOHN MOWBRAY, Justice, who was disqualified. Nev. Const., art. 6, § 19; SCR 10.

*Thomas E. Perkins,* Public Defender, and *Robert A. Bork,* Deputy Public Defender, Carson City, for Appellant.

*Brian McKay,* Attorney General; *William A. Maddox,* District Attorney, Carson City, for Respondent.

## OPINION ON REHEARING

*Per Curiam:*

Appellant was convicted of possession of a stolen credit card, a felony under NRS 205.690(2). We affirmed in part, and remanded for a new sentence, in Stanfill v. State, 99 Nev. 247 660 P.2d 1003 (1983). Respondent has now petitioned for rehearing, contending among other things, that our opinion was incorrect in its analysis of the Equal Protection issue. For the reasons stated below, we deny the petition for rehearing.

This court decided the appeal based upon the authorities

cited to us by the parties and other authorities which we discovered through independent research. Respondent now contends that this appeal is controlled by the case of United States v. Batchelder, 442 U.S. 114 (1979), and that the *Batchelder* case renders our opinion incorrect. Respondent did not cite *Batchelder* in its brief or at oral argument.

The purpose of briefing and oral argument is to inform this court of all authorities relevant to the issues raised in the appeal. On the other hand, the primary purpose of a petition for rehearing is to inform this court that we have overlooked an important argument or fact, or that we have misread or misunderstood a statute, case or fact in the record. A party may not raise a new point for the first time on rehearing. NRAP 40(c)(1); *see* McGill v. Lewis, 61 Nev. 40, 118 P.2d 702 (1941). As the contention that this appeal is controlled by *Batchelder* was not properly made in the first instance, we will not consider it now on rehearing.[1]

Further comment on the petition for rehearing is warranted. First, the petition points to a mistake of fact which we are alleged to have made in the opinion. It is argued that our opinion incorrectly states that appellant was indicted, when in fact the charges were filed by way of an information. Respondent's counsel has not even attempted to argue that the alleged mistake of fact was material. *See* NRAP 40(c)(2)(i). Therefore, on this point also, the petition lacks merit.

Second, the petition argues that the words "possession" and "use" are "not synonymous nor are they essentially the same." Respondent's counsel apparently has misread our opinion. Although we stated that "use" of a credit card implies "possession" of the card, we did not equate those two terms.

Rehearing is denied.

---

[1]There are apparent differences in the legal issues present in *Batchelder* and the instant case. We therefore express no opinion as to whether *Batchelder* applies to the substantive issue in this case. If we are confronted with this issue in the future, in a properly briefed case, a reconsideration of the issue may be appropriate.