SHERIFF, CLARK COUNTY, NEVADA, Appellant, *v.* MICHAEL WALTER KILLMAN, Respondent.

No. 15654

December 6, 1984          691 P.2d 434

*Brian McKay,* Attorney General, Carson City; *Robert J. Miller,* District Attorney and *Thomas R. Green,* Deputy District Attorney, Clark County, for Appellant.

*Morgan D. Harris,* Public Defender, and *Michael L. Hines,* Deputy Public Defender, Clark County, for Respondent.

# OPINION

*Per Curiam:*

Respondent Killman was charged by way of a criminal information with one count of unauthorized signing of a credit card transaction document, in violation of NRS 205.270. Killman then brought a pretrial petition for a writ of habeas corpus in the district court seeking dismissal of the information. The district court granted the habeas petition and the state has now appealed. For the reasons set forth below, we have concluded that the petition was erroneously granted and that the district court's order must be reversed and the matter remanded for trial on the merits.

Killman was alleged to have presented a department store sales clerk with a credit card, which was not his own and which he was not authorized to use, in an attempt to obtain a pair of boots priced at $62.39, and to have actually signed a credit card transaction document during the course of this attempt. In his habeas petition, Killman contended that under Nevada's statutory scheme, the prosecutor in this case had the discretion to charge him with either the offense of unauthorized signing of a credit card document, a felony under NRS 205.750, or the offense of unauthorized use of a credit card, a misdemeanor under NRS 205.760(2)(b).[1] Killman argued that by giving the prosecutor the

---

[1] NRS 205.750 provides in part that:

> Any person, except the cardholder or a person authorized by the cardholder, who signs a credit card, sales slip, sales draft or instrument for the payment of money which evidences a credit card transaction with intent to defraud shall be punished by imprisonment in the state prison for not less than 1 year nor more than 10 years . . . .

NRS 205.760 provides in part that:

> 1. Any person who, with intent to defraud:
> (a) Uses a credit card for the purpose of obtaining money, goods, property, services or anything of value where such credit card was obtained or retained in violation of NRS 205.690 to 205.750, inclusive, or where such person knows the credit card is forged, expired or revoked; or
> (b) Obtains money, goods, property, services or anything else of value by representing, without the consent of the cardholder, that he is the

discretion to proceed under either of these two statutory offenses, which provide for disparate results in terms of the possible sentence, this statutory scheme violated his fourteenth amendment right to the equal protection of the law.

While it appears that Killman may be correct in his assertion that by enacting the above two statutes, the Nevada Legislature prescribed two different penalties for what is essentially the same conduct, we find it unnecessary to determine this issue. Instead, we have concluded that the statutory scheme in question would not violate equal protection even if the two statutes did prescribe different penalties for the same conduct.

The United States Supreme Court recently had occasion to address this same issue in United States v. Batchelder, 442 U.S. 114 (1979). In *Batchelder,* the Court held that neither due process nor equal protection were violated under federal constitutional principles by virtue of the fact that the government prescribed different penalties in two separate statutes for the same conduct. *Id.* at 124-25. Instead, the Court held that a defendant's rights are adequately protected in this area by the "constitutional constraints" on a prosecutor's discretion, which prevent the prosecutor from selectively enforcing the law based on such unjustifiable criteria as race or religion. *Id.* at 125.

A defendant will therefore only be able to demonstrate that a violation of his equal protection rights has occurred when he can show that he was singled out for prosecution on the more serious offense for a reason which is offensive to the Constitution. Since Killman has made no such claim in the present case, the district court erred in concluding that Killman's equal protection rights were violated by the existence of the statutory scheme under consideration in this case.[2]

Accordingly, the district court's order granting Killman's pretrial petition for a writ of habeas corpus is hereby reversed, and the matter is remanded for trial on the merits.

authorized holder of a specified card or that he is the holder of a card where such card has not in fact been issued, is guilty of a public offense and shall be punished as provided in subsection 2.

2. Where the amount of money or the value of the goods, property, services or other things of value so obtained in any 6-month period is:

. . . .

(b) Less than $100, the violator shall be punished for a misdemeanor.

[2]To the extent that our opinion in Stanfill v. State, 99 Nev. 247, 660 P.2d 1003 (1983) is inconsistent with this opinion, it is hereby overruled. *See also* Stanfill v. State, 99 Nev. 499, 665 P.2d 1146 (1983) (opinion on rehearing).