EDWARD LAPINSKI, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 5535

November 7, 1968                446 P.2d 645

*James D. Santini,* Public Defender, *Robert N. Peccole,* Chief Deputy Public Defender, and *Robert G. Legakes,* Deputy Public Defender, Clark County, for Appellant.

*Harvey Dickerson,* Attorney General, *George E. Franklin, Jr.,* District Attorney, and *Jerry J. Kaufman,* Deputy District Attorney, Clark County, for Respondent.

# OPINION

By the Court, ZENOFF, J.:

Edward Lapinski, a 50-year-old unemployed man, was stopped by police for speeding while driving in Las Vegas on the evening of July 1, 1967. He revealed he did not have a driver's license, then attempted to flee. He was chased and captured. Scrutiny revealed the absence of a license plate on the front of the car he was driving and a California license plate on the rear covered with a Nevada license plate. Further investigation disclosed that the car had been stolen. The car was returned to the owner approximately three hours after it had been taken.

Lapinski was charged with feloniously taking a vehicle without the consent of the owner thereof and with the intent to deprive the owner of title to or possession of such vehicle pursuant to NRS 205.272 as amended by 1967 Nev. Stats. 500, Chapter 211, effective July 1, 1967. The statute before amendment classified the theft as either a felony or as a gross misdemeanor and set forth the circumstances which would justify each charge. The statute as amended leaves to the discretion of the district attorney the decision whether there should be charged a felony, a gross misdemeanor, or a misdemeanor.

The only issue at trial was whether the requisite intent was present. Appellant was the sole witness in his defense. He testified that he was so drunk that he could not remember what happened between the time he sat in the car and the time he was incarcerated. He was convicted.

Lapinski contends that the statute as amended is unconstitutional because it effects a prohibited delegation of legislative power contrary to Nev. Const. art. 4, § 1. We agree.

The amendment was designed to allow the district attorney to fit the punishment to the offense. Apparently the legislature

did not want to punish juvenile joy riding as severely as an intentional deliberate theft. While the end purpose is commendable, the means is prohibited. This purpose does not appear from the face of the statute. The only guide as to what penalty should be imposed is the mandate in NRS 205.272(4) which states that the class of crime shall be charged "as the facts warrant." This guide is too indefinite. It affords no basis to determine whether the proper penalty has been imposed. It gives the district attorney the legislative power to determine punishment. The statute can be written so that different types of conduct can be met with appropriate different degrees of punishment. It must be so drawn in order to meet the constitutional tests.

The power to define crimes and penalties lies exclusively in the legislature. Fox v. United States, 354 F.2d 752 (10th Cir. 1965); People v. Hess, 234 P.2d 65 (Cal.App. 1951); State v. Allen, 423 P.2d 867 (N.M. 1967); Commonwealth v. Redline, 137 A.2d 472 (Penn. 1958). There may not be a delegation of this power without adequate guidelines. Walden v. Hart, 420 S.W.2d 868 (Ark. 1967); Application of Schillaci, 16 Cal.Rptr. 757 (Cal.App. 1961); Mahon v. Sarasota County, 177 So.2d 665 (Fla. 1965); Krol v. Will County, 233 N.E.2d 417 (Ill. 1968); Schakel v. Board, 235 N.E.2d 497 (Ind.App. 1968); Turner v. Peters, 327 S.W.2d 958 (Ky.App. 1959); O'Brien v. Comm'r, 134 N.W.2d 700 (Mich. 1965); Arlan's Dep't Stores, Inc. v. Kelley, 130 N.W.2d 892 (Mich. 1964); State v. California Mining Co., 15 Nev. 234 (1880); Harvell v. Scheidt, 107 S.E.2d 549 (N.C. 1959); Blacker v. Wiethe, 235 N.E.2d 143 (OhioApp. 1968); cf. Wolin v. Port of N.Y. Authority, 392 F.2d 83 (2d Cir. 1968); Annotation, 92 A.L.R. 400 (1934). See also Southern Pacific Company v. Cochise County, 377 P.2d 770 (Ariz. 1963); City of Toledo v. Sims, 169 N.E.2d 516 (Ohio Mun. Ct. 1960).

While the conduct prohibited is clearly defined, the concomitant punishment is not. This allows arbitrary law enforcement which cannot be contenanced. Giaccio v. Pennsylvania, 382 U.S. 399 (1966); Shuttlesworth v. City of Birmingham, 382 U.S. 87 (1965); Cox v. Louisiana, 379 U.S. 536 (1965); N.A.A.C.P. v. Button, 371 U.S. 415 (1963); Thornhill v. Alabama, 310 U.S. 88 (1940); Herndon v. Lowry, 301 U.S. 242 (1937).

This decision does not deny to the district attorney the

discretionary power to decide what crime will be charged. It is a common administrative function to determine facts to which law will apply. But only the legislature can promulgate the law which will apply to what must be a clearly designated state of facts.

Only the provision made for affixing the penalty is void. The prohibition of the expressed conduct is valid and, in the absence of a valid penalty, will be deemed to constitute a misdemeanor. NRS 193.170.

Affirmed in part and remanded for sentencing pursuant to NRS 193.150.

THOMPSON, C. J., COLLINS, BATJER, and MOWBRAY, JJ., concur.