MICHAEL RAY HOLBROOK, Appellant, v. THE
STATE OF NEVADA, Respondent.

No. 7007

February 12, 1974      518 P.2d 1242

*Gary A. Sheerin,* State Public Defender, for Appellant.

*Ronald T. Banta,* District Attorney, Lyon County, for Respondent.

## OPINION

By the Court, THOMPSON, C. J.:

The appellant, convicted of the theft of an automobile, asks that we annul his conviction on the ground that the trial court refused to instruct the jury regarding the lesser offense of tampering with a vehicle. He contends that the misdemeanor of tampering, NRS 205.274(2), is included within the felony of grand larceny, NRS 205.220. Moreover, he challenges the sentence imposed.

The appellant misappropriated an automobile from the Yerington High School parking lot. About four hours later he was arrested in Tonopah, Nevada, since the automobile he was driving matched the description of the purloined car. He waived preliminary examination, and in the district court he waived his right to counsel and pleaded guilty to an information charging him with grand larceny. He was sentenced to serve a term of six years in the state prison. Subsequently, the district court honored his petition to withdraw his guilty plea and to set aside conviction and sentence entered thereon since the court was persuaded that he was under the influence of drugs when he pleaded guilty. Following a jury trial upon his later plea of not guilty, he was found guilty of grand larceny and sentenced to serve a term of eight years in the state prison.

In his opening statement to the jury the public defender acknowledged that his client was guilty of a crime, but a crime of lesser significance than grand larceny. The evidence offered by the accused centered on that proposition. He admitted taking the vehicle without permission, but denied any intention to deprive the owner permanently of his property. On this aspect the accused testified that he intended only to drive the car to Las Vegas and leave it there, and that he intended then to advise the fire department of the location of the car.

1. If the offense charged cannot be committed without

necessarily committing another offense, the latter is a necessarily included offense. Lisby v. State, 82 Nev. 183, 414 P.2d 592 (1966); Holland v. State, 82 Nev. 191, 414 P.2d 590 (1966). Statute declares that a defendant may be found guilty of an offense included within the offense charged. NRS 175.-501.

The crime charged to the appellant occurred in 1971. At that time the grand larceny statute, NRS 205.220, provided that "every person who shall feloniously steal, take . . . and drive away the personal . . . property of another, of the value of $100, or more, shall be deemed guilty of grand larceny, and upon conviction thereof shall be punished by imprisonment in the state prison. . . ." The tampering statute, NRS 205.274(2), provided that "any person who shall without the consent of the owner or person in charge of a vehicle climb into or upon such vehicle with the intent to commit any crime, malicious mischief, or injury thereto, or who while a vehicle is at rest and unattended shall attempt to manipulate any of the levers, starting crank or other starting device, brakes or other mechanism thereof, or to set such vehicle in motion, shall be guilty of a misdemeanor."

It is the appellant's contention that one cannot enter the car of another and drive it away without necessarily manipulating its levers and attempting to set the vehicle in motion. Consequently, he contends that "tampering" is necessarily included within grand larceny. From a literal reading of the two statutes his position is arguable, so far as it goes. However, it would not follow that appellant was entitled to a "tampering" instruction; for in this case, the evidence clearly showed appellant's conduct had gone beyond that encompassed by the "tampering" statute. Cf. Lisby v. State and Holland v. State, supra.

[Headnote 2]

In 1961 our legislature determined to place wrongful takings of vehicles all in one category, regardless of whether the wrongdoer had intent permanently or only temporarily to deprive the owner of his property. Whether such permanent intent was present or absent, the first wrongful taking was declared a gross misdemeanor; a subsequent wrongful taking by one previously convicted, a felony.[1] At the same time, and as a part of the same legislative act, the offense of tampering was added to our law. Reading the sections of that enactment in sequence, it is obvious that the tampering provisions were

---

[1]Stats. Nev. 1961, ch. 171, pp. 268, 269. Section 2 of that statute, NRS 205.272, was repealed in 1969. See: Stats. Nev. 1969, ch. 305, p. 531.

98

not intended to encompass any taking of a vehicle, since all wrongful takings were therein declared to be more serious crimes regardless of accompanying intent. Consequently, appellant's testimony to the effect that he did not possess an intent to permanently deprive the owner of possession of his car did not supply an evidentiary basis for an instruction on "tampering."[2] The court properly refused to instruct on that subject.

2. The appellant contends that the sentence he presently is serving is unconstitutional since it is harsher than the sentence originally imposed and later set aside.[3] The controlling authority on this subject is North Carolina v. Pearce, 395 U.S. 711 (1969). The court noted that due process of law requires that vindictiveness against a defendant must play no part in the sentence he receives after a new trial, since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction. Accordingly, whenever a more severe sentence is imposed after a new trial the reasons for doing so must affirmatively appear. "Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made a part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal." Id. at 726.

The record of the second sentencing does not satisfy that standard. It does not show identifiable conduct by the defendant occurring after the original sentence which would justify a more severe sentence. The only relevant conduct of the defendant noted by the court was his desire to plea bargain to avoid the expense to the county of trial and to obtain an advantage for himself. This was the defendant's right. All other conduct referred to by the judge was before the court when the first sentence was imposed.

---

[2]Although the grand larceny statute, NRS 205.220, does not mention, as an element of the offense, an intent permanently to deprive the owner of his property, the trial court instructed the jury that such a specific intent was a necessary element of the crime charged. Neither party has questioned the propriety of that instruction.

[3]When pronouncing the second sentence, the court gave full credit for time already served, thereby honoring the constitutional guarantee against multiple punishments for the same offense. North Carolina v. Pearce, 395 U.S. 711 at 718, 719 (1969).

For the reasons expressed we affirm the conviction for grand larceny, but modify the sentence to six years, the term originally imposed. NRS 177.265; Spillers v. State, 84 Nev. 23, 31, 436 P.2d 18 (1968).

MOWBRAY, GUNDERSON, BATJER, and ZENOFF, JJ., concur.