RAYMOE JACKSON, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 9581

December 29, 1977 · 572 P.2d 927

*Morgan D. Harris,* Public Defender, and *Herbert F. Ahlswede,* Deputy, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *H. Leon Simon,* Deputy District Attorney, Clark County, for Respondent.

**OPINION**

By the Court, MANOUKIAN, J.:

Appellant was convicted of the crime of burglary of an automobile and sentenced to confinement in the Nevada State Prison for a term of four years. The vehicle was parked in a commercial parking lot. Two eyewitnesses, the owner of the lot and his daughter, who both knew the owner of the vehicle, observed the appellant standing next to the car bending a coat hanger, acting and looking around suspiciously. The owner of the lot summoned the police after the appellant had broken into the vehicle and was lying on the seat.

A motorcycle officer arrived immediately and as he approached the vehicle, the appellant got out, closed the car door, threw away the coat hanger, and attempted to leave the scene. The officer ordered the appellant to halt, but he continued walking and, as he did so, discarded a screwdriver. The officer then pinned the appellant against another vehicle with his nightstick, while the appellant continued to resist until a back-up squad car arrived with assistance.

The appellant was searched and some loose change together

with a Showboat Hotel gaming chip was retrieved from his person. The owner of the vehicle stated both at the time of the burglary and in her testimony given at trial that she had locked the vehicle and that there was missing some change and a Showboat Hotel gaming chip. She further testified that she had not given anyone, including appellant, permission to enter the vehicle.

The owner of the parking lot, the police officer, and the owner of the vehicle all testified that the ignition switch had been removed from the steering column. The owner of the vehicle testified that the ignition switch was intact and operative at the time she parked the vehicle.

On the basis of the physical evidence removed from appellant's person, and upon the testimony of the eyewitnesses, who maintained a vigil of appellant from the time he was furtively standing outside the vehicle bending the coat hanger until the time of his arrest, the jury rendered a verdict of guilty as charged.

Premised solely on alleged error in jury instructions, the appellant seeks annulment of the judgment of conviction, contending error in the trial court's refusal: (1) to further instruct the jury as to the crime of tampering with a vehicle; (2) to instruct the jury regarding an attempted unlawful taking of a vehicle; and (3) in giving a further instruction pertaining to "reasonable doubt." We find each claim to be without merit.

1. *Instruction re: Tampering with a Motor Vehicle.*

The crux of the first two issues presented on this appeal involves the identification of the crimes which are by nature arguably lesser included offenses in the charge of burglary of a motor vehicle. Concerning these first issues, both appellant and respondent objected to two of the trial court's instructions given the jury. The lower court's instructions concerning lesser included crimes were as follows:

*Jury Instruction No. 9:*

If you are not satisfied beyond a reasonable doubt that the defendant is guilty of the offense charged he may, however, be found guilty of any other offense, the commission of which is necessarily included in the offense charged, if the evidence is sufficient to establish his guilt of such other offense beyond a reasonable doubt.

The offense of Burglary with which the defendant is charged may, given the facts of this case included the offense of Tampering with a Motor Vehicle.

*Jury Instruction No. 10:*

Any person who without the consent of the owner, while a vehicle is at rest and unattended, shall attempt to manipulate the starting device shall be guilty of tampering with a vehicle.

The State strenuously objected to both these instructions on the basis that tampering with a vehicle (NRS 205.274)[1] is not a lesser included offense to a charge of burglary of a vehicle. The State argued that the misdemeanor tampering offense is separate and distinct from the crime of burglary and that the State had the option of charging appellant with both crimes but elected to proceed only on the burglary offense.

The appellant, on the other hand, objects to instruction number 10, stating that it insufficiently reproduces the language of NRS 205.274 by omitting the phrase: "shall climb into or upon such vehicle with intent to commit any crime. . . ." Appellant argues that the "climb into" and the "intent to commit any crime" language of the tampering statute (NRS 205.-274) is virtually synonymous with the "enters" and the "intent to commit grand or petit larceny or any felony" language of the burglary statute (NRS 205.060).[2] Tampering is a misdemeanor while burglary is a felony.

Appellant is not content to simply argue that because of the

---

[1]NRS 205.274 provides in relevant part:

1. Any person who shall . . . willfully break, injure, tamper with or remove any part or parts of any vehicle for the purpose of injuring, defacing or destroying such vehicle, or temporarily or permanently preventing its useful operation, or for any purpose against the will or without the consent of the owner of such vehicle, or who shall in any manner willfully or maliciously interfere with or prevent the running or operation of such vehicle, shall be guilty of a public offense proportionate to the value of the loss resulting therefrom.

2. Any person who shall without the consent of the owner or person in charge of a vehicle climb into or upon such vehicle with the intent to commit any crime, malicious mischief, or injury thereto, or who while a vehicle is at rest and unattended shall attempt to manipulate any of the levers, starting crank or other starting device, brakes or other mechanism thereof, or to set such vehicle in motion, shall be guilty of a misdemeanor. . . ."

[2]NRS 205.060 provides in relevant part:

1. Every person who, either by day or night, enters any . . . vehicle . . . with intent to commit grand or petit larceny, or any felony, is guilty of burglary.

2. Any person convicted of burglary shall be punished by imprisonment in the state prison for not less than 1 year nor more than 10 years.

similarity in language but disparity in punishments of the statutes, an instruction for tampering should have been given, but he goes further and contends that the tampering statute itself supersedes the burglary statute with respect to motor vehicles. Neither contention has merit.

Appellant contends that the burglary statute is repealed by implication and cites at length authority establishing that the rules for statutory construction are that newer provisions of law supplant older ones, and that specific provisions supersede general. Although there is no showing that the two statutes cover the same subject matter and that they are inconsistent, appellant's own logic is disserving. The burglary is more specific than the tampering statute in that it requires "intent to commit grand or petit larceny or any felony" as opposed to the general language of an "intent to commit any crime." In addition, the tampering statute was last amended in 1967, whereas the burglary statute was last amended in 1971, the latter expanding the definition of burglary. Further, in reviewing NRS 205.060 and 205.274, it is apparent from the penalty scheme and the class of crimes that the Legislature did not intend for the tampering provisions to comprehend the classic circumstances generally characteristic of a burglary. Unlike in Lapinski v. State, 84 Nev. 611, 446 P.2d 645 (1968), here, it is clear that the elements of the crimes significantly vary, the conduct prohibited is well defined, and the concomitant punishment is also well defined. In short, the Legislature in enacting both statutes has promulgated the laws "which will apply to what must be a clearly designated state of facts," *id.* at 614, 446 P.2d at 646, and appropriate penalties for the violations of same.

---

Appellant's claim that he was entitled to a jury instruction on tampering is more reasonable but remains nonetheless unpersuasive. In Holbrook v. State, 90 Nev. 95, 518 P.2d 1242 (1974), this Court held that while it is arguable that tampering is a necessarily included offense within the crime of grand larceny, "the evidence clearly showed appellant's conduct had gone beyond that encompassed by the 'tampering' statute." 90 Nev. at 97, 518 P.2d at 1243.

Likewise in the instant case, appellant's conduct had gone beyond that contemplated by the tampering statute and he would have been entitled to no jury instruction. The trial

court, however, liberally instructed the jury as to the lesser offense but appellant was nevertheless convicted of burglary.

This assignment of error is without merit.

2. *Instruction re: Attempted Unlawful Taking.*

Appellant next contends that the trial court erred in not giving the following proposed jury instruction pertaining to the crime of attempted unlawful taking of a vehicle.

> Every person who shall attempt to take or drive away the vehicle of another without the intent to permanently deprive the owner thereof but without the consent of the owner shall be guilty of attempted unlawful taking of the vehicle.

The record is devoid of any indication that appellant could have been convicted of this crime as a lesser included offense. NRS 175.501. The test announced by this Court to determine whether a crime is necessarily included in the offense charged is "whether the offense charged cannot be committed without committing the lesser offense." Lisby v. State, 82 Nev. 183, 187, 414 P.2d 592, 594 (1966); *accord,* Holland v. State, 82 Nev. 191, 474 P.2d 590 (1966). Nothing has been presented to show that burglary of the vehicle could not have been committed without committing an attempted unlawful taking of the vehicle.

The crimes are separate and distinct, and the trial court properly refused to instruct on that subject.

3. *Instruction re: Reasonable Doubt.*

Appellant next asserts that the trial court erred in giving a jury instruction which elaborated on the statutory "reasonable doubt" instruction.[3] The challenged instruction stated:

> It is not necessary that the Defendant's guilt should be established beyond any doubt or to an absolute certainty,

---

[3]NRS 175.211 Reasonable doubt defined; no other definition to be given to juries.

1. A reasonable doubt is one based on reason. It is not mere possible doubt, but is such a doubt as would govern or control a person in the more weighty affairs of life. If the minds of the jurors, after the entire comparison and consideration of all the evidence, are in such a condition that they can say they feel an abiding conviction of the truth of the charge, there is not a reasonable doubt. Doubt to be reasonable must be actual and substantial, not mere possibility or speculation.

2. No other definition of reasonable doubt shall be given by the court to juries in criminal actions in this state.

but instead thereof that the Defendant's guilt must be established beyond a reasonable doubt as hereinafter defined.

Although NRS 175.211(2) forbids any definition of reasonable doubt other than that contained in the statute given as a jury instruction, this Court in Tucker v. State, 92 Nev. 486, 553 P.2d 951 (1976), while disapproving of the lower courts' giving of the additional instruction, nevertheless permitted an instruction clarifying the statutory reasonable doubt definition. The instruction in *Tucker* read:

> The law does not require demonstration or that degree of proof which, excluding all possibility of error, produces absolute certainty, for such degree of proof is rarely possible. Proof beyond a reasonable doubt only is required, which is that degree of proof which produces conviction in an unprejudiced mind.

*Id.* at 490 n. 6, 553 P.2d at 953 n. 6.

Although we again refuse to condone this practice, finding NRS 175.211(1) to be adequate, a comparison of the *Tucker* instruction with the instruction in the instant case readily demonstrates that the latter is much more innocuous. The instruction here goes no further than to define reasonable doubt within the legislative confines and is, in fact, in harmony with NRS 175.211(1). The trial court did not commit error.

The judgment of conviction is affirmed.

BATJER, C. J., and MOWBRAY and THOMPSON, JJ., concur.

GUNDERSON, J., concurring:

I concur in the result. With all due deference to my brethren, I cannot approve the language in which the above opinion is couched.