An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123

IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
JESSIE ELIZABETH WALSH,
DISTRICT JUDGE,
Respondents,
    and
JOSE BARRERAS,
Real Party in Interest.

No. 63044



FILED

SEP 1 9 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER GRANTING PETITION

This original petition for a writ of mandamus challenges the respondent district court's decision to amend the real party in interest's judgment of conviction by reducing the minimum sentence for his attempted-burglary sentence from 12 months to 364 days.[1]

A writ of mandamus is available to compel the performance of an act which the law requires as a duty resulting from an office, trust or station, NRS 34.160, or to control an arbitrary or capricious exercise of discretion, *Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 637 P.2d 534 (1981). A writ of mandamus will not issue, however, if

_____

[1]On June 20, 2013, we directed the real party in interest to file an answer to the petition, on behalf of respondents, within 30 days. The real party did not respond to that order.

petitioner has a plain, speedy and adequate remedy in the ordinary course of law. NRS 34.170. Further, mandamus is an extraordinary remedy, and it is within the discretion of this court to determine if a petition will be considered. *See Poulos v. Eighth Judicial Dist. Court*, 98 Nev. 453, 455, 652 P.2d 1177, 1178 (1982); *see also State ex rel. Dep't Transp. v. Thompson*, 99 Nev. 358, 360, 662 P.2d 1338, 1339 (1983). Here, petitioner has no adequate remedy in the ordinary course of the law. *See* NRS 177.015(3) (only the defendant may appeal from the final judgment in a criminal case). We elect to exercise our discretion and consider the petition.

Real party in interest Jose Barreras was charged with burglary and grand larceny auto. He agreed to plead guilty to attempted burglary. The district court accepted the guilty plea and sentenced Barreras to prison for a minimum term of 12 months and a maximum term of 32 months, suspended the sentence, and placed Barreras on probation for three years. The judgment was filed on September 9, 2011. More than one year later, Barreras filed a motion to withdraw the plea and vacate the sentence, alleging that counsel failed to correctly advise him regarding the immigration consequences of his guilty plea. *See Padilla v. Kentucky*, 559 U.S. 356 (2010). The motion primarily sought to withdraw the guilty plea and vacate the judgment of conviction, but it also summarily suggested that the court should modify the sentence to 364 days or less. The State opposed the motion. Without making any specific findings on the two prongs of the ineffective-assistance claim, *see id.* at 366-69, the district court orally denied the motion to withdraw the plea but agreed to modify the sentence as "a good and just result in this particular instance." The court subsequently entered the amended

judgment of conviction. The amended judgment of conviction notes the original sentence and probationary term and then orders the "sentence MODIFIED to THREE HUNDRED SIXTY FOUR (364) DAYS."

Petitioner asserts that the district court exceeded its authority when it modified the sentence to impose a minimum term less than the penalty set by the Legislature. We agree. "The power to define crimes and penalties lies exclusively in the legislature." *Lapinski v. State*, 84 Nev. 611, 613, 446 P.2d 645, 646 (1968). Although the district court has broad discretion in its sentencing decision, *see, e.g., Houk v. State*, 103 Nev. 659, 664, 747 P.2d 1376, 1379 (1987), so long as the statute fixing punishment is constitutional, the district court must impose a sentence that is within the statutory limits, *see Mendoza-Lobos v. State*, 125 Nev. 634, 639-40, 218 P.3d 501, 505 (2009) ("[I]t is the function of the judiciary to decide what penalty, within the range set by the Legislature, if any, to impose on an individual defendant."); *Schmidt v. State*, 94 Nev. 665, 668, 584 P.2d 695, 697 (1978) (observing that when determining whether a sentence is cruel and unusual, "the courts are not to encroach upon [the Legislature's] domain [to determine punishments] lightly"). And the district court's limited authority to modify a sentence based on a mistake or misapprehension about the defendant's criminal record that worked to the defendant's detriment, *see Edwards v. State*, 112 Nev. 704, 708, 918 P.2d 321, 324 (1996), does not allow the district court to invade the legislative function and impose a sentence less than that authorized by statute. *See generally* NRS 193.130(1) (providing that except for category A felonies and as otherwise provided by specific statute, "a person convicted of a felony shall be sentenced to a minimum term and a

maximum term of imprisonment *which must be within the limits prescribed by the applicable statute*" (emphasis added)).

The Legislature has determined that a person, like Barreras, who is convicted of attempted burglary must be sentenced to prison "for *a minimum term of not less than 1 year* and a maximum term of not more than 5 years." NRS 193.130(2)(c) (emphasis added) (setting forth punishment for category C felony); *see also* NRS 205.060(2) (burglary is a category B felony with a sentence of 1 to 10 years); NRS 193.330(1)(a)(3) (attempt to commit a category B felony for which the maximum term of imprisonment is 10 years or less is a category C felony and shall be punished as provided in NRS 193.130). When the district court modified the sentence to impose a minimum term of less than 1 year (364 days), it exceeded its judicial function and encroached upon the Legislature's domain.[2] Barreras offered no authority to support his representation that the district court could modify the sentence in this fashion, and the district court referred to none. We conclude that the district court manifestly abused its discretion in modifying the sentence to impose a minimum sentence that is less than the sentence authorized by statute for attempted burglary. *See State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. ___, ___, 267 P.3d 777, 780 (2011) (defining manifest abuse of

---

[2]The amended judgment also seemingly eliminates the maximum term. To the extent that it did so, this also violated the district court's sentencing authority as a maximum term is required under NRS 193.130(2)(c). *See* NRS 193.130(1) (providing that with specified exceptions not applicable here, a person convicted of a felony must be sentenced to a minimum term and a maximum term of imprisonment).

discretion as clearly erroneous interpretation or application of a law or rule). Accordingly, we

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to vacate the amended judgment of conviction.[3]

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:    Hon. Jessie Elizabeth Walsh, District Judge
       Attorney General/Carson City
       Clark County District Attorney
       Driggs Law Group
       Eighth District Court Clerk

---

[3]If the district court determines that Barreras has demonstrated both prongs of his ineffective-assistance claim under *Padilla*, the appropriate remedy is to grant his motion and allow him to withdraw his guilty plea and face the original charges. We express no opinion on the merits of Barreras' ineffective-assistance claim.