135 Nev., Advance Opinion 15

# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| TERRENCE KARYIAN BOWSER, Appellant, vs. THE STATE OF NEVADA, Respondent. | No. 71516 **FILED**  MAY 16 2019 ELIZABETH A. BROWN CLERK OF SUPREME COURT BY_____ CHIEF DEPUTY CLERK |

Appeal from a judgment of conviction, pursuant to a jury verdict, of voluntary manslaughter with use of a deadly weapon; discharging firearm out of a motor vehicle; and discharging firearm into structure, vehicle, aircraft or watercraft. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

*Affirmed.*

Resch Law, PLLC, dba Conviction Solutions, and Jamie J. Resch, Las Vegas,
for Appellant.

Aaron Ford, Attorney General, Carson City; Steven B. Wolfson, District Attorney, and Jacob J. Villani, Ryan J. MacDonald, and Charles W. Thoman, Deputy District Attorneys, Clark County,
for Respondent.

---

BEFORE THE COURT EN BANC.[1]

## OPINION

By the Court, HARDESTY, J.:

Appellant Terrence Bowser successfully appealed his first conviction and received a new trial and sentencing hearing before a new

---

[1]The Honorable Elissa F. Cadish and the Honorable Abbi Silver, Justices, did not participate in the decision of this matter.

district court judge. After the second trial, the judge imposed a longer sentence on some of the counts than had the original trial judge, which Bowser claims is a due process violation. In *Holbrook v. State*, 90 Nev. 95, 98, 518 P.2d 1242, 1244 (1974), we recognized that a presumption of vindictiveness arises where a judge imposes a more severe sentence after a new trial. The sole issue before us is whether this presumption of vindictiveness applies here, such that the imposition of this new sentence violated Bowser's due process rights. We hold that the presumption of vindictiveness does not apply when a different judge imposed the more severe sentence. Accordingly, we affirm the judgment of conviction.

## *FACTS AND PROCEDURAL HISTORY*

Following his first trial, Bowser was convicted of six counts: first-degree murder with the use of a deadly weapon (count 2), discharging a firearm out of a vehicle (count 4), discharging a firearm at or into a structure or vehicle (count 6), and three additional conspiracy charges. Bowser was sentenced to life in prison with the possibility of parole after 40 years. Specifically, the district court sentenced him to two consecutive terms of life with the possibility of parole after 20 years on the murder charge (count 2), 24 to 60 months on count 4, and 12 to 60 months on count 6, to run concurrent.

Bowser appealed, and we reversed the judgment of conviction and remanded for a new trial because the bailiff improperly presented evidence to the jury. On remand, Bowser was tried again on the same 6 counts, but with a different district court judge presiding. This time, he was convicted of voluntary manslaughter with a deadly weapon (count 2) instead of first-degree murder. He was also convicted of the two discharging-a-firearm charges (counts 4 and 6), but was acquitted of the three conspiracy charges. The district court conducting the retrial

sentenced him to 2 consecutive terms of 48 to 120 months on count 2, 48 to 120 months on count 4 to run consecutive to count 2, and 28 to 72 months on count 6 to run concurrent to count 4. His new total sentence was 30 years in prison with a minimum of 12 years for parole eligibility. In imposing the sentences, the district court stated that it took into account the evidence at trial, the jury verdict, the information in the presentence investigation report, the defense's mitigation arguments, and all of the information about what had happened since the previous trial. The district court provided no other explanation for the new sentence.

Bowser appealed from the newly entered judgment of conviction, arguing that the sentences imposed for the discharging-a-firearm counts violated due process because they were harsher than the original sentences. The case was transferred to the court of appeals. In a split decision, the court of appeals affirmed Bowser's sentence. Bowser petitioned for review under NRAP 40B, which we granted.

## DISCUSSION

Though district courts generally have significant discretion in sentencing, *Chavez v. State*, 125 Nev. 328, 348, 213 P.3d 476, 490 (2009), their sentencing decision must not be influenced by vindictiveness against the defendant, *North Carolina v. Pearce*, 395 U.S. 711, 723-26 (1969), *overruled in part by Alabama v. Smith*, 490 U.S. 794, 798 (1989). A harsher sentence after a defendant successfully appeals his conviction presents a concern that the increase in sentence was motivated by vindictiveness on the part of the sentencing judge for the defendant's exercise of his right to

appeal.[2] In *Pearce*, the United States Supreme Court explained, "Due process of law . . . requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." 395 U.S. at 725. And, because "the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge." *Id.* To ensure the absence of vindictiveness as the reason for the harsher sentence, the Supreme Court announced in *Pearce* a presumption of vindictiveness that applies whenever a judge imposes a more severe sentence after a new trial. *Id.* at 726; *see also Wasman v. United States*, 468 U.S 559, 564-65 (1984). The presumption may only be overcome if the reasons for the more severe sentence affirmatively appear in the record and are "based upon objective information concerning identifiable conduct on the part of the defendant." *Pearce*, 395 U.S. at 726. In *Holbrook*, we applied this presumption of vindictiveness to conclude that a harsher sentence could not be imposed following a new trial where the record did not show identifiable conduct by the defendant that would justify a more severe sentence. 90 Nev. at 98, 518 P.2d at 1244.

Bowser, relying on *Holbrook*, contends that the district court's failure to justify the harsher sentence on the record violated his due process

[2]An increase in sentence following a new trial does not violate double jeopardy principles. *See Pearce*, 395 U.S. at 720-21 (explaining that double jeopardy is not implicated where a defendant successfully appeals his conviction, has a new trial, and receives a higher sentence because "the original conviction has, at the defendant's behest, been wholly nullified and the slate wiped clean").

rights. The State, on the other hand, urges this court to revisit and limit the holding of *Holbrook* in light of more recent Supreme Court jurisprudence clarifying the presumption of vindictiveness.

Before addressing these arguments, however, we must first determine whether the sentence Bowser received on retrial is harsher than his original sentence, so as to trigger due process concerns. Bowser's aggregate total sentence on retrial decreased from the original aggregate sentence, but the individual sentences on the discharging-a-firearm counts increased in length and were also changed to run consecutive rather than concurrent. Thus, whether his sentence was increased depends on whether we look at the aggregate sentence or the individual sentence on each count. The Supreme Court's jurisprudence on the presumption of vindictiveness does not direct a particular approach for determining whether the new sentence is greater.

We recognize that a majority of courts apply an aggregate approach to determine whether the new sentence is more severe than the original sentence. *See People v. Johnson*, 363 P.3d 169, 177-78 (Colo. 2015); *State v. Hudson*, 748 S.E.2d 910, 911 (Ga. 2013). Under the aggregate approach, if the new aggregate total sentence is not greater than the original aggregate total sentence, then no presumption of vindictiveness applies. The rationale for this approach is that judges, in imposing sentences in cases where multiple counts stem from a single course of conduct, "typically craft sentences on the various counts as part of an overall sentencing scheme," but when "that scheme unravels due to elimination of some of the original counts, the judge should be given a wide berth to fashion a new sentence that accurately reflects the gravity of the crimes for which the defendant is being resentenced." *Hudson*, 748 S.E.2d at 913.

Though we appreciate the logic of the aggregate approach, we choose to adopt the count-by-count method, which means looking at each individual count to determine whether the new sentence on that count is greater in length than the original sentence or has been run consecutive whereas the original sentence was concurrent. This is consistent with our approach in determining whether a resentencing violates double jeopardy principles. *See Wilson v. State*, 123 Nev. 587, 591-93, 170 P.3d 975, 977-79 (2007) (rejecting the aggregate sentencing analysis used in federal courts, and instead assessing the sentence on each count separately). Moreover, we believe that this count-by-count approach best effectuates the objectives of the vindictiveness presumption: to deter actual vindictiveness by a sentencing authority and to "avoid a chilling effect on defendants exercising their right to appeal." *Johnson*, 363 P.3d at 181. To illustrate why, we need only consider the sentences in this case.

Bowser was charged with open murder in count 2. Following his first trial, he was convicted on count 2 of first-degree murder with the use of a deadly weapon, a category A felony, for which he was sentenced to a total of life with parole eligibility after 40 years. After his second trial, he was convicted on count 2 of the lesser offense of voluntary manslaughter with the use of a deadly weapon, a category B felony, for which he received the maximum sentence allowable by statute, 20 years with parole eligibility after 8 years. His new aggregate sentence was 30 years with parole eligibility after 12 years. Thus, under the aggregate approach, the presumption of vindictiveness would not apply because his new aggregate was not more severe than the original. But, given that his original sentence on count 2 alone was life in prison, it was not possible for his new aggregate sentence to be harsher, even if he had received consecutive maximum

sentences on all counts. Yet, this does not preclude the possibility of judicial vindictiveness, meaning such vindictiveness could evade review under the aggregate approach. Thus, we apply the count-by-count method. Because Bowser's sentence on each of the discharging-a-firearm counts (counts 4 and 6) increased and the new sentence on count 4 was run consecutive whereas originally it was concurrent, we conclude that his new sentence was more severe than his original sentence for due process purposes.

Having concluded that Bowser's sentence after retrial was more severe, we now turn to whether the presumption of vindictiveness applies here where there were two different sentencing judges. Since *Pearce* was decided, the Supreme Court has made clear that the presumption "do[es] not apply in every case where a convicted defendant receives a higher sentence on retrial." *Texas v. McCullough*, 475 U.S. 134, 138 (1986). The Supreme Court explained in *McCullough* that "the evil the [*Pearce*] Court sought to prevent" was not the imposition of "enlarged sentences after a new trial," but rather, the "vindictiveness of a sentencing judge." *Id.* Thus, the presumption only applies when there is a "reasonable likelihood that the increase in sentence is the product of actual vindictiveness on the part of the sentencing authority." *Alabama v. Smith*, 490 U.S. 794, 799 (1989) (internal quotation marks and citation omitted). "Where there is no such reasonable likelihood, the burden remains upon the defendant to prove actual vindictiveness." *Id.* at 799-800.

The Supreme Court has declined to apply the *Pearce* presumption where the sentences have not been imposed by the same judge or jury. For example, in *Colten v. Kentucky*, the Court refused to apply the presumption to a higher sentence arising from Kentucky's two-tier system, which allowed the defendant who was convicted and sentenced in an

inferior court to appeal and receive a de novo trial in a superior court. 407 U.S. 104, 116-17 (1972). The Court explained that there was no inherent vindictiveness stemming from a higher sentence imposed by a different court because the superior court was not being "asked to do over what it thought it had already done correctly." *Id.* The Court recognized that when there are different sentencers involved, "[it] may often be that the [second sentencer] will impose a punishment more severe than that received from the [first]. But it no more follows that such a sentence is a vindictive penalty for seeking a [new] trial than that the [first sentencer] imposed a lenient penalty." *Id.* at 117.

Likewise, in *Chaffin v. Stynchcombe*, the Court declined to apply the presumption of vindictiveness to a higher sentence when it was imposed on retrial by a different jury, noting that "the jury, unlike [a] judge who has been reversed, will have no personal stake in the prior conviction and no motivation to engage in self-vindication." 412 U.S. 17, 26-28 (1973). And, in *McCullough*, the Court held the presumption to be inapplicable where a judge imposed a higher sentence on retrial than was imposed by a jury in the first trial, because it would be too speculative given that "different sentencers assessed the varying sentences," and thus, a "sentence 'increase' cannot truly be said to have taken place." 475 U.S. at 139-40. Furthermore, though *McCullough* involved a jury imposing the first sentence and a judge imposing the second, the Court strongly indicated that the same logic would apply where two different judges imposed the sentences. *Id.* at 140-41 n.3 (noting that while it appeared that *Pearce* involved two different judges, the *Pearce* decision did not focus on that and the Court declined to read *Pearce* as governing where different sentencing judges are involved).

SUPREME COURT
OF
NEVADA

(O) 1947A

8

Based on *Pearce*'s progeny and the concerns underlying the presumption of vindictiveness, we conclude that the presumption does not apply where a different judge imposes a higher sentence after retrial than the first judge. Under these circumstances, the likelihood of vindictiveness is de minimis, as there is no reason to presume that the second judge had a personal stake in the outcome of the first trial or sentencing, or a motivation to retaliate for a successful appeal.[3] We recognize that judges generally have broad discretion in sentencing, and different sentences imposed by different judges merely reflect this discretion. Thus, because a different judge presided over Bowser's second trial and sentencing, due process does not require a presumption of vindictiveness.[4]

---

[3]Though the dissent places heavy emphasis on the possibility that a second judge might be infected by institutional prejudices when resentencing a defendant after a successful appeal, we view such a position as too speculative to present a likelihood of vindictiveness. See *United States v. Anderson*, 440 F.3d 1016, 1016-17 (8th Cir. 2006) ("To apply a presumption of vindictiveness in such circumstances—where the second sentencer had no personal stake in the prior proceedings—would require an inference of institutionalized hostility toward the exercise of appellate rights or a collusive arrangement between judges to have one exact vindication for another. There is no evidence to suggest such a lack of professionalism among judges, and we are unwilling to make such inferences on the present facts.").

[4]Bowser does not argue that the sentence on retrial was the result of actual vindictiveness or reliance on impalpable or highly suspect evidence. *See Alabama*, 490 U.S. at 801-03 (providing that where the presumption of vindictiveness does not apply, the burden is on the defendant to prove actual vindictiveness); *Silks v. State*, 92 Nev. 91, 94, 545 P.2d 1159, 1161 (1976) (refraining from interfering with a sentence within statutory guidelines where the defendant does not demonstrate prejudice from the district court's reliance on impalpable or highly suspect evidence).

Accordingly, we affirm the judgment of conviction.

_____, J.
Hardesty

We concur:

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Parraguirre

STIGLICH, J., concurring in part and dissenting in part:

I concur with the majority's adoption of a count-by-count method to determine whether a subsequent sentence is harsher than the sentence originally imposed. And therefore I agree with the majority that Bowser' second sentence "was more severe than his original sentence for due process purposes." Majority opinion *ante* at 7. However, I disagree with the majority's adoption of a bright line rule that a presumption of vindictiveness "does not apply where a different judge imposes a higher sentence after retrial than the first judge," Majority opinion *ante* at 9, and thus I respectfully dissent.

As noted by the majority, it is not the concern of an enhanced sentence on remand that requires the presumption of vindictiveness; it is the concern that a defendant will be punished for exercising the right to appeal or collateral review and that the fear of such punishment will deter defendants from lawfully attacking a conviction. *See Alabama v. Smith*, 490 U.S. 794, 798-99 (1989); *North Carolina v. Pearce*, 395 U.S. 711, 724-25 (1969), *overruled in part by Smith*, 490 U.S. 794. "[D]ue process . . . requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge." *Pearce*, 395 U.S. at 725. Thus, the Supreme Court adopted a prophylactic rule for "whenever a judge imposes a more severe sentence upon a defendant after a new trial"—the sentencing judge must articulate the reasons for the higher sentence. *Id.* at 726. Absent such articulation, a rebuttable presumption of vindictiveness applies. *Smith*, 490 U.S. at 798-99.

While the Supreme Court has subsequently clarified that the presumption of vindictiveness will not apply in every case where a defendant receives a harsher sentence after retrial, *see* Majority opinion

SUPREME COURT
OF
NEVADA

(O) 1947A

*ante* at 7-9, it also has not unequivocally decided whether the presumption should apply when two different judges in the same court issue the sentences, *see Texas v. McCullough*, 475 U.S. 134, 140 n.3 (1986).[1] And I disagree with the majority that a different sentencing judge creates merely a "de minimis" likelihood of vindictiveness. Majority opinion *ante* at 9.

As the Supreme Court of Oregon noted, "[t]he fact that a different judge imposes an increased sentence does not eliminate [vindictiveness] concerns or the possibility that institutional prejudices might infect a trial judge's resentencing of a defendant after a successful appeal." *State v. Sierra*, 399 P.3d 987, 1000 (Or. 2017) (internal quotation marks omitted). Indeed, the Supreme Court appears to have recognized the possibility of institutional concerns in *Chaffin v. Stynchcombe*, 412 U.S. 17, 27 (1973), when it remarked that a "jury is unlikely to be sensitive to the institutional interests that might occasion higher sentences by a judge desirous of discouraging what he regards as meritless appeals." While a jury is not likely to be sensitive to the institutional pressures of disincentivizing meritless appeals, "another judge operating within the same system as the original judge likely will have that knowledge and understandably could be sensitive to those interests." *Sierra*, 399 P.3d at 1000.

---

[1]Even had the Supreme Court ruled on this issue, concluding that the presumption does not apply where there are two different sentencing judges within the same court, that fact would not preclude this court from concluding that the Nevada Constitution requires otherwise. *See Wilson v. State*, 123 Nev. 587, 595, 170 P.3d 975, 980 (2007) ("[S]tates are free to provide additional constitutional protections beyond those provided by the United States Constitution.").

With the possibility that institutional concerns might affect judges operating in the same court and with the underlying objective of *Pearce* being "to assure the absence of [vindictive sentencing] motivation," 395 U.S. at 726, I cannot agree with the majority's bright line rule that the presence of a different judge eliminates the presumption of vindictiveness. I would instead adopt a rule that the presumption of vindictiveness is inapplicable where there are different sentencing judges only if the second sentencer states objective, nonvindictive reasons for imposing the greater sentence. This requirement has been adopted by a number of federal circuit courts and the Supreme Court of Oregon. *See United States v. Rodriguez,* 602 F.3d 346, 358-59 (5th Cir. 2010) (collecting cases); *Sierra,* 399 P.3d at 999-1000; *cf. McCullough,* 475 U.S. at 140 ("[T]he second sentencer provide[d] an on-the-record, wholly logical, nonvindictive reason for the sentence. We read *Pearce* to require no more[,] particularly since trial judges must be accorded broad discretion in sentencing.") Moreover, the added condition I would impose is consistent with our holding in *Holbrook,* which states that when a harsher sentence "is imposed after a new trial the reasons for doing so must affirmatively appear." *Holbrook v. State,* 90 Nev. 95, 98, 518 P.2d 1242, 1244 (1974).

Creating a record of a logical, nonvindictive reason for imposing a harsher sentence does not do violence to *Holbrook, Pearce,* or *Pearce's* progeny. Instead, it helps to ensure that a defendant is not punished at resentencing after exercising the right to appeal or collateral review, a goal squarely in line with the above-mentioned precedent. Accordingly, I would apply the presumption of vindictiveness to this matter, as the record

Supreme Court
OF
Nevada

(O) 1947A

3

contains no objective, nonvindictive justification for the harsher sentences, and modify the sentences for counts 4 and 6 to the terms originally imposed, pursuant to *Holbrook.*

Respectfully, I dissent.

_____, J.
Stiglich

(O) 1947A