**141 Nev., Advance Opinion 45**

## IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| TOMMY STEWART,<br>Petitioner,<br>vs.<br>NEVADA BOARD OF PAROLE<br>COMMISSIONERS; COMMISSIONER<br>LAMICIA BAILEY; COMMISSIONER<br>DONNA VERCHIO; COMMISSIONER<br>ERIC CHRISTIANSEN; AND<br>COMMISSIONER SUSAN JACKSON,<br>Respondents. | No. 89355<br><br>**FILED**<br><br>SEP 25 2025 |



Original petition for a writ of mandamus in a parole matter.

*Petition denied.*

Rene L. Valladares, Federal Public Defender, and Shelly Richter, Assistant Federal Public Defender, Las Vegas,
for Petitioner.

Aaron D. Ford, Attorney General, and Laura M. Ginn, Senior Deputy Attorney General, Carson City,
for Respondents.

---

BEFORE THE SUPREME COURT, HERNDON, C.J., and PARRAGUIRRE and STIGLICH, JJ.

*OPINION*

By the Court, STIGLICH, J.:

Petitioner Tommy Stewart was denied parole in 2022, and his next hearing was scheduled for January 2025. Meanwhile, Stewart requested reconsideration of the Nevada Parole Board's denial, the Board determined that it had assessed Stewart's risk level incorrectly and reconsidered its decision in 2023, and the Board thereafter again denied Stewart parole. Following that decision, the Board scheduled Stewart's next parole hearing for November 2025. Because that date was later than the originally scheduled next hearing date of January 2025, Stewart now argues that the Board unlawfully punished him for seeking reconsideration and seeks writ relief from this court.

To combat the potential for vindictiveness in sentencing, the United States Supreme Court in *North Carolina v. Pearce*, 395 U.S. 711 (1969), *overruled in part on other grounds by Alabama v. Smith*, 490 U.S. 794, 799 (1989), recognized a rebuttable presumption of such when a more severe sentence is imposed after an original conviction has been set aside and the defendant is again convicted after a retrial. This court has also recognized this presumption of vindictiveness in such cases. *See Holbrook v. State*, 90 Nev. 95, 98, 518 P.2d 1242, 1244 (1974); *Bowser v. State*, 135 Nev. 118, 120, 441 P.3d 540, 542 (2019). In doing so, we have noted that, in the absence of presumed vindictiveness, the defendant bears the burden to show actual vindictiveness. *See Bowser*, 135 Nev. at 124 n.4, 441 P.3d at 544 n.4. We have not yet, however, addressed whether and under what circumstances the presumption may apply in parole proceedings. For the



reasons explained below, we hold that the presumption of vindictiveness generally may arise where the Board, upon reconsideration, extends the time before which a prisoner may be considered for parole again. Nevertheless, we further conclude that the presumption is not triggered when the Board itself corrects its own actions. Here, Stewart has not met his burden to show that the Board acted with actual vindictiveness. Accordingly, we deny Stewart's petition for relief.

## FACTS AND PROCEDURAL HISTORY

In 2016, Stewart was convicted of conspiracy to commit robbery, burglary, robbery, and first-degree kidnapping. Relevant here, he was sentenced to 8 to 20 years for robbery and 5 years to life for kidnapping. The sentences for all counts were run concurrently.

On November 21, 2022, the Parole Board considered whether to grant Stewart parole as to the robbery and kidnapping counts. In determining whether to grant parole, the Board assigns "a risk level of 'high,' 'moderate,' or 'low' according to the level of risk that the prisoner will commit a felony if released on parole." NAC 213.514(1). To do so, the Board "conduct[s] an objective risk assessment using a combination of risk factors that predict recidivism." NAC 213.514(2).

A prisoner may request that the Board reassess the prisoner's risk level if the prisoner believes the assessment was incorrect. NAC 213.524(1). Subsequently, the Executive Secretary of the Board or a designated employee of the Board must determine if the prisoner's risk assessment was conducted incorrectly. NAC 213.524(3). If it was conducted incorrectly and the new risk level is more favorable than the previous risk

level, the Board "will, as soon as practicable, schedule a meeting to reconsider whether to grant parole to the prisoner." NAC 213.524(4)-(5).

Stewart was assessed at high risk to commit a felony if released. He was denied parole, and the next hearing was scheduled for January 24, 2025. Stewart requested the Board reassess his risk level and reconsider whether to grant parole. After finding error in the Board's original assessment of Stewart's risk level, the Executive Secretary of the Board scheduled a new hearing for April 26, 2023. At the April 2023 hearing, the Board corrected Stewart's risk level to moderate but again denied Stewart parole. The Board scheduled Stewart's next hearing for November 1, 2025. Stewart now seeks a writ of mandamus, arguing that the Board improperly delayed his next hearing by nine months.

## DISCUSSION

*Entertaining the petition is warranted*

"A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, NRS 34.160, or to control a manifest abuse or arbitrary or capricious exercise of discretion." *State v. Eighth Jud. Dist. Ct. (Armstrong)*, 127 Nev. 927, 931, 267 P.3d 777, 779 (2011). "A manifest abuse of discretion is [a] clearly erroneous interpretation of the law or a clearly erroneous application of a law or rule." *Id.* at 932, 267 P.3d at 780 (internal quotation marks omitted). Whether a mandamus petition will be entertained is within this court's sole discretion. *Smith v. Eighth Jud. Dist. Ct.*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). As a general rule, mandamus relief is available only when the petitioner has no plain, speedy, and adequate

remedy in the ordinary course of law. NRS 34.170; *Pan v. Eighth Jud. Dist. Ct.*, 120 Nev. 222, 224, 88 P.3d 840, 841 (2004).

Absent writ relief, Stewart has no vehicle through which to challenge the Board's actions. Thus, no plain, speedy, and adequate remedy in the ordinary course of law exists. Although we ultimately conclude that the Board did not err, we elect to entertain this petition to clarify the Board's duties in parole proceedings.[1]

*The Board did not violate Stewart's due process rights*

Stewart argues the Board vindictively violated his due process rights in unduly delaying his opportunity to be considered for parole, relying on *North Carolina v. Pearce*, 395 U.S. 711 (1969). We disagree.

In *Pearce*, the United States Supreme Court held that a judge may not vindictively impose a more severe sentence where a conviction has been set aside and a defendant is again convicted on retrial. 395 U.S. 711 (1969). *Pearce* involved two individuals who successfully appealed their convictions but were ultimately retried, convicted, and sentenced to prison terms that exceeded their original sentences. *Id.* at 713-15. The Court concluded that imposing a more severe sentence in retaliation for successfully appealing the judgment of conviction violated due process. *Id.*

---

[1]After briefing was completed, the State moved on March 31, 2025, to dismiss Stewart's petition as moot. The State contended that because Stewart seeks to reinstate a January 24, 2025, hearing date and that date has since passed, this court can no longer grant relief. We disagreed and denied the State's motion to dismiss, concluding that the ongoing controversy at the heart of the writ petition remains unresolved because the cancellation of the January 2025 hearing is part of a possibly broader violation that continues until the hearing is held.

at 723-24. Thus, the Court held that it is unacceptable to, in a vindictive spirit, impose a harsher sentence on a defendant following a successful appeal. *Id.* at 724. Should a trial court impose a harsher sentence, affirmative reasons for its increased severity must be present. *Id.* at 726. This court has taken *Pearce* to stand for the general proposition that "a presumption of vindictiveness . . . applies whenever a judge imposes a more severe sentence after a new trial." *Bowser*, 135 Nev. at 120, 441 P.3d at 542 (holding that the presumption does not apply when the new, possibly longer, sentence is given by a different judge).

We have yet to extend the *Pearce* presumption of vindictiveness to parole proceedings. Thus, we take this opportunity to explore the issue. Many courts in other jurisdictions have extended *Pearce*'s presumption of vindictiveness to parole cases when an appeal of a parole board's determination results in a longer period between hearings. *See, e.g.*, *Hammond v. D.C. Bd. of Parole*, 756 A.2d 896, 898-900 (D.C. 2000) (applying the presumption in *Pearce* to a parole matter and finding "a 'reasonable likelihood' that the longer set-off was the product of actual vindictiveness"); *Kindred v. Spears*, 894 F.2d 1477, 1480 (5th Cir. 1990) (explaining that *Pearce* protects against "a vindictive tribunal" and recognizing that the presumption of vindictiveness may be triggered by the actions of the federal parole commission); *Marshall v. Lansing*, 839 F.2d 933, 947 (3d Cir. 1988) (applying *Pearce* in the context of a parole matter). As the court in *Marshall* persuasively explained, "[j]ust as a sentencing judge might resent a challenge to an underlying conviction which he himself had overseen, so too might the [Parole] Commission look unkindly upon a successful court challenge to its rating of a prisoner's offense severity, thus

supplying a motive for retaliation." 839 F.2d at 947. Accordingly, when a parole board is directed to revisit a matter because it might have erred, the board may not set a less favorable presumptive parole date in retaliation. *Bono v. Benov*, 197 F.3d 409, 418 (9th Cir. 1999). Although not binding on this court, the reasoning of these cases is sound. In addition, extending the presumption of vindictiveness to parole proceedings furthers *Pearce*'s laudable goal of protecting due process rights. We thus hold that the presumption may arise in parole proceedings.

*Stewart fails to show vindictiveness is presumed*

While we conclude that *Pearce* and its progeny have general application to such cases, they are distinguishable in a significant aspect from the circumstances here: the prisoners' due process rights in those cases were violated after a separate tribunal ordered the parole boards to review their earlier decisions. For example, in *Marshall*, a two-month extension to a prisoner's rehearing date was added after the prisoner sought relief in the federal district court. 839 F.2d at 946, 950. In *Bono*, a 12-year delay to a prisoner's next hearing was added after two successful habeas petitions challenging prior parole proceedings. 197 F.3d at 412. There, the Ninth Circuit concluded that the *Pearce* presumption applied because the parole board was "prompted to reopen [the] parole proceedings by the district court's 1994 decision that the Commission had acted improperly." *Id.* at 417-18.

Stewart's proceeding is more like that in *Kindred*. There, the Fifth Circuit rejected the prisoner's argument under *Pearce* because the decision to delay reconsideration for parole was by the parole board rather than another, higher, tribunal. 894 F.2d at 1479. As the court explained,

"the presumption in *Pearce* was to protect a defendant's right to appeal his conviction against the chill of a vindictive tribunal" that would punish the defendant for doing so. *Id.* at 1479-80. Logically, "vindictiveness becomes a danger only where an event prods the sentencing court into a posture of self-vindication." *Id.* at 1480. The presumption of vindictiveness therefore did not apply in that case because "far from being reversed on appeal, or by an order to grant a new hearing, the case came back to the Commission by the mechanical operation of law." *Id.*

Here, much like *Kindred*, Stewart's request remained within the Nevada Board of Parole Commissioners, and the matter was not brought before a district court or other higher tribunal. Rather, Stewart filed a request for reconsideration *with* the Board, which assigned the matter to the Executive Secretary pursuant to NAC 213.524(3), and Stewart has not shown that the Board acted in response to any outside, higher tribunal. Thus, the presumption of vindictiveness does not apply because there was no "triggering event" as required by *Pearce*.

*Stewart fails to demonstrate actual vindictiveness*

Because vindictiveness is not presumed, Stewart bears the burden to show that the Board acted with *actual* vindictiveness. Vindictiveness is presumed when there is a reasonable likelihood that the increased sentence or delay in eligibility is the result of actual vindictiveness. *Alabama*, 490 U.S. at 799. If the presumption does not apply, however, a defendant or inmate may nevertheless show a due process violation by affirmatively demonstrating actual vindictiveness. *Id.* at 799-800; *Wasman v. United States*, 468 U.S. 559, 569 (1984) ("[W]here the presumption does not apply, the defendant must affirmatively prove actual

vindictiveness."). Thus, in the context of parole proceedings, a prisoner must prove having been *penalized* in some manner due to a retaliatory motive.

Stewart argues that, under the administrative regulations, revisiting the decision to deny parole is permitted but changing the date of the next scheduled hearing is not. Specifically, Stewart argues that the Board should have conducted the January 2025 rehearing despite the intervening reconsideration of his parole eligibility, and because the regulations do not call for a new next hearing date upon reconsideration, the Board's decision to nevertheless reschedule the next hearing for a later date in this matter demonstrates vindictiveness.[2] We disagree.

Per NRS 213.142, when a prisoner is denied parole, the Board must schedule a subsequent hearing to determine whether to grant the prisoner parole at that later time. *See Niergarth v. State*, 105 Nev. 26, 29, 768 P.2d 882, 884 (1989). Generally, "[t]he date on which the rehearing is to be held is within the discretion of the Board, but . . . the elapsed time between hearings must not exceed 3 years." NRS 213.142(1). However, "[i]f the prisoner who is being considered for parole has more than 10 years remaining on the term of his or her sentence . . . when the Board denies his or her parole, the elapsed time between hearings must not exceed 5 years." NRS 213.142(2).

---

[2]Stewart arrives at the additional nine months (nine months and nine days to be exact) by calculating the time between the date that he was originally eligible for parole (January 24, 2025) and the newly scheduled date that he is eligible for parole (November 1, 2025).

Supreme Court
OF
Nevada

(O) 1947A

We determine that the Board permissibly scheduled Stewart's next hearing on November 1, 2025. Under NRS 213.142, the Board was required to schedule a new hearing "[u]pon denying the parole of a prisoner." The November 2025 date for the new hearing satisfies both subsections of NRS 213.142 because it is within 3 years, and thus also within 5 years, of the November 21, 2022, hearing. That the November 2025 date is after the vacated January 2025 date, standing alone, is insufficient to demonstrate actual vindictiveness, particularly as the Board considered Stewart's lower risk of recidivism in denying the request for reconsideration. Stewart frames the Board's scheduling as retaliatorily delaying his opportunity to receive parole by nine months, despite receiving the April 2023 reconsideration with the updated risk assessment almost a year and a half before his originally scheduled hearing. In its reconsideration, however, the Board provided Stewart with a meaningful and *earlier* opportunity to be heard, using the correct risk assessment. While the April 2023 reconsideration decision did not reset the clock for scheduling Stewart's next parole hearing, the Board has discretion in scheduling hearings, subject only to basic and minimally restrictive time requirements, and the Board acted within its authority in scheduling Stewart's November 2025 hearing. Stewart has not demonstrated that the Board acted with a retaliatory motive, and thus he fails to show actual vindictiveness.

## CONCLUSION

This court recognizes and appreciates a prisoner's desire not only to be granted parole but, at the very least, to be thoughtfully considered for it. The Nevada statutes and regulations governing the Parole Board

(O) 1947A

provide and encourage such potential paths forward through a graceful process, including the requirement that parole applicants receive a date for a new hearing if parole is denied. Furthermore, those rules allow for reconsideration of a denial when the Board erred in its assessment of the prisoner's risk to reoffend. When the Board conducts such reconsideration and extends the subsequent hearing date for a prisoner, triggered entirely within its own procedures and by internal direction, the Board is not presumed to have acted vindictively. To the contrary, vindictiveness may only be presumed when a separate outside event, or instruction, prods the Board into a posture of self-vindication. That did not occur here. The Board acted within its authority when it scheduled Stewart's next hearing for November 2025, and Stewart has not shown actual vindictiveness. Given our conclusion that the Board did not err in these actions, we deny Stewart writ relief.

_____, J.
Stiglich

We concur:

_____, C.J.
Herndon

_____, J.
Parraguirre

(O) 1947A